UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY HENNIGAN, AARON MCHENRY,
and CHRISTOPHER COCKS,
individually and on behalf of themselves
and all others similarly situated,

      Hon. Victoria A. Roberts

    Plaintiffs,

      Case No. 09-11912

v.

GENERAL ELECTRIC COMPANY,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S ORDER

**I. Introduction**

This matter is before the Court on Defendant's Objections to the Magistrate Judge's Order Granting in Part and Denying in Part Plaintiff's Motion to Compel and for Sanctions (Order). (Doc. 64). The Motion to Compel (Doc. 32) was referred to Magistrate Judge Michael Hluchaniuk for a hearing pursuant to 28 U.S.C. § 636(b)(1)(A). The Magistrate conducted a hearing on the motion on March 18, 2010, and directed Plaintiffs to depose GE's corporate representatives to better understand the way in which GE stores information.

After depositions were completed, the parties filed supplemental briefs, and the Magistrate Judge held a second hearing on June 16, 2010.

On August 3, 2010, the Magistrate Judge issued an Order (1) granting Plaintiffs' motion to compel, (2) denying Plaintiffs' request for sanctions, and (3) ordering

1

Defendant to pay the cost of the depositions taken by Plaintiffs, totaling $3,635.61.

Defendant objects to the Order as clearly erroneous because (1) it requires discovery beyond the allegations in the Plaintiffs' Third Amended Complaint; (2) it improperly places the burden on Defendant to show that the information Plaintiffs seek is not relevant; (3) it requires Defendant to produce information on incidents without a showing that those incidents are similar to the alleged incidents in the Third Amended Complaint; and (4) it requires Defendant to participate in expansive discovery before Defendant's motion to dismiss is decided. Defendant also objects to the Magistrate Judge's failure to recognize the burden on GE to comply with this discovery.

For the reasons stated, the Court **ADOPTS** the Magistrate Judge's Order.

## II. Background

Plaintiffs, Timothy Hennigan, Aaron McHenry, and Christopher Cocks, brought a putative class action against GE based on allegations that GE manufactured defective microwaves which Plaintiffs bought or received. The causes of action include: (1) Strict Products Liability; (2) Breach of Express Warranty; (3) Breach of Implied Warranty of Merchantability; (4) violation of The Magnuson-Moss Warranty Act; (5) violation of the State Consumer Protection Acts; and (6) Unjust Enrichment.

According to Plaintiffs, GE's microwaves turn on on their own and generate excessive amounts of heat, sometimes resulting in smoke or fires. Plaintiffs say that GE has known, or reasonably should have known, since 2002, that its microwave ovens are defective, unreasonably dangerous, and unsuitable for their intended use.

Since November 2, 2009, the parties have been under a Scheduling Order from

this Court which directs GE "to provide Plaintiffs with any complaints it has received from consumers with Microwave Models identical to those of the named Plaintiffs, that their microwaves turn on by themselves. General Electric is also to provide Plaintiffs with any information it has from consumers who have made this same complaint, regardless of the type or model of microwave oven." (Sched. Order ¶ 2). The Scheduling Order also states that "Plaintiffs and General Electric can engage in a limited amount of paper discovery, but no depositions . . . ." (Sched. Order ¶ 11).

Plaintiffs served a request for production of documents on GE on November 24, 2009, asking GE to produce 29 categories of documents, including consumer complaints. On December 22, 2009, GE responded to Plaintiffs' request for production with objections to every request and did not produce any responsive documents.

On January 22, 2010, after filing their Third Amended Complaint, Plaintiffs filed a Motion to Compel and for Sanctions against GE. Plaintiffs claim that GE violated the Court's Scheduling Order by refusing to produce consumer complaints. According to the Scheduling Order, GE was to provide this information by November 13, 2009. At the time they filed their motion, Plaintiffs say that GE had not produced any consumer complaints.

On February 26, 2010, GE filed a motion to dismiss Plaintiffs' claims in their entirety. On September 29, 2010, the Court granted GE's motion to dismiss the strict liability claim, but allowed the remaining causes of action to proceed.

### III. Standard of Review

When reviewing a magistrate judge's order on a preliminary, non-dispositive matter, a district court must assess whether the order is "clearly erroneous or contrary

3

to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992). If two permissible views of the evidence exist, a magistrate judge's decision cannot be "clearly erroneous." *See Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985).

## IV. Discussion

### A. Objection 1

Defendant's first objection is that the Order is clearly erroneous to require discovery beyond the allegations in the Third Amended Complaint. In Plaintiffs' First Request for Production of Documents, Plaintiffs request documents relating to incidents of "fire, sparking, smoke, burning, scorching, explosion, control panel malfunctions, arcing or auto/self-starting in any GE-branded Microwave." (Req. for Prod., 4). Defendant says that Plaintiffs are not entitled to discovery on these incidents unless they involved self-start because, at heart, the defect Plaintiffs allege involves microwaves that turn on on their own.

Plaintiffs say the requests are relevant because the Third Amended Complaint alleges two defects: (1) a defect that causes the microwave to start when not in use and (2) a defect that causes the microwave to fail to turn off when it overheats or catches fire. The Plaintiffs say these defects may occur separately; for example, a person may

4

turn on her microwave to heat food, and the microwave may generate excessive heat and fail to turn off, resulting in fire, arcing, or smoking. Therefore, reports of fire, arcing, or smoking may indicate that the second defect occurred, even if the microwave didn't start on its own.

The Magistrate Judge concluded "that plaintiffs' third amended complaint provides sufficient notice of the potential defects about which plaintiffs'[sic] complain such that the broader discovery sought by plaintiffs is appropriate and relevant to the issues presented in this lawsuit." (Order, 11).  In reviewing the Third Amended Complaint, this Court finds that the Magistrate's ruling was not clearly erroneous.

The scope of discovery is within the broad discretion of the Court. *Lavado v. Keohane,* 992 F.2d 601, 604 (6th Cir. 1993); *Ventura v. The Cincinnati Enquirer*, 396 F.3d 784, 789 (6th Cir. 2005).  Discovery is governed by Fed. R. Civ. P. 26(b)(1), which allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."

In the Third Amended Complaint, Plaintiffs allege that the GE microwaves contain defects that cause the microwave ovens to start on their own; sometimes the result is smoke or fire. (TAC ¶ 22). Plaintiffs also allege that when microwave ovens generate excessive heat, a heat sensor should shut off the microwave. (TAC ¶ 21). Plaintiffs allege that the defects in the microwave ovens are related to defective magnetrons, which generate the microwaves needed to heat food. (TAC ¶ 20,23). Based on these allegations, the Magistrate's finding that the defects alleged by Plaintiffs involved more than just self-starting microwave ovens, is not clearly erroneous.

5

**B.     Objection 2**

Defendant's second objection is that the Order is clearly erroneous because it relieves the Plaintiffs of their burden to demonstrate the information they seek is relevant to their claims, and places a burden on GE to show the information is not relevant. According to Defendant, Plaintiffs have not made any threshold showing of relevance regarding incidents of fire that do not involve microwaves that turn on on their own.

It is clear to this Court that the Magistrate did not place the initial burden on GE. In the Order, the Magistrate wrote, "If a party objects to the relevancy of information sought, as defendant has done in this case, the party seeking the information bears the burden of showing its relevance." (Order, 7-8). Because GE objected, the Magistrate held two hearings, directed depositions, and ordered supplemental briefing to determine whether the Plaintiffs' requests were relevant. The Magistrate concluded that the Plaintiffs adequately demonstrated the relevance of the information requested. Indeed, information indicating smoke or fires in GE microwaves is certainly relevant since the Plaintiffs allege defects that cause smoke and fires. Therefore, the Magistrate's Order was not clearly erroneous.

**C.     Objection 3**

Defendant's third objection is that the Order is clearly erroneous because it requires the production of information regarding "other incidents" without a showing that they are similar to the incidents in Plaintiffs' Third Amended Complaint. However, to reach this conclusion, the Defendant seems to rely on its contention that only

information regarding self-starting microwaves is discoverable.  This is not correct.

Additionally, Defendant says that "the Order *completely* disregards authority requiring Plaintiffs to 'demonstrate that the circumstances surrounding the other accidents are *similar enough* that information concerning those incidents is relevant [for purposes of discovery] to the circumstances of the instant case.'" (Def.'s Obj. at 13) (quoting *Froelich, et al. v. Aurora Corp. Of Am., et al.,* 2010 U.S. Dist. Lexis 40139, *8 (M.D. La. 2010)).  However, the authorities relied on for this claim are not binding on this Court, and the Magistrate found that the incidents of smoking and fires are relevant to Plaintiffs' claims because the incidents may provide information about the alleged defect that causes the microwave to fail to shut off if it produces excessive heat or is on fire. The Court finds that the Magistrate's Order requiring GE to produce other incidents of smoke and fires, is not clearly erroneous.

### D.     Objection 4

Defendant's fourth objection is that the Magistrate is requiring GE to participate in expansive discovery while its Motion to Dismiss is pending.  However, the Court declined to stay discovery until the motion was decided.  Additionally, this objection is moot; the Court decided the Defendant's Motion to Dismiss on September 29, 2010.

### E.     Objection 5

Defendant's fifth objection is that the Magistrate fails to fully recognize the burden placed on GE by the Order.  Defendant says that it is clear error that the Magistrate did not find the document requests and scope of discovery unduly burdensome.  Defendant is incorrect.

The Federal Rules of Civil Procedure dictate the scope of discovery and allow the Court to limit discovery. Rule 26 states:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: . . .
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

In determining whether the burden or expense of the proposed discovery outweighed its benefit, the Magistrate considered many factors. The Magistrate Judge held two hearings, ordered depositions to be taken of GE's employees, and required the parties to file supplemental briefs. During the first hearing, the Magistrate stated that "it seems to me that if we're going to really address the degree of burden that the defendant faces here in producing these documents, I think we need more information." (Mot. Hr'g 1, at 27). The very reason he ordered the depositions, supplemental briefing, and conducted the second hearing, was to determine the burden that the discovery request placed on GE.

The Magistrate determined that many of the documents that are responsive to the Court's Scheduling Order are in hard copy or are in a segregated database which is easily searchable. In the Order, the Magistrate noted:

> Four months after the Court's deadline expired, GE produced eight incident reports of microwave ovens that turned on without user direction. GE claimed that these were the only responsive documents. However, plaintiffs submitted evidence (based on public reports of other incidents reported to GE) that GE has not produced all of the complaints it has received.
> . . .

8

> Plaintiffs contend that the testimony of GE witness Patrick Galbreath (former Safety Manager responsible for GE microwave ovens) reveals that [GE's] contentions [that there are no separate databases or files containing requested information] are false. Mr. Galbreath testified that GE maintains a discrete microwave oven "Safety Database," which has a feature that would allow anyone to simply print out all consumer safety reports relating to microwave fires. Indeed, Mr. Galbreath testified that this database has a specific dropdown menu for "auto start" within the "Fire" sub-database, all of which is easily retrievable. (Dkt. 58, Ex. G, pp. 10-16). Although GE claimed that there was no segregated file of consumer complaints (either "paper or electronic"), Mr. Galbreath testified that, in addition to the Safety Database, there is also a paper file of consumer complaints- a "four foot" "hard copy" file containing all of the consumer complaints from the CPSC relating to microwave ovens. *Id.*
>
> (Order, 2-3).

In response, GE claimed that the Court's Scheduling Order only required the Defendant to give Plaintiffs complaints actually received from consumers, not consumer complaints from the CPSC. Also, GE claimed that the Court limited the discovery to paper documents because the Scheduling Order referenced "a limited amount of paper discovery, but no depositions." Thus, it claimed no searches of electronic databases were required.

The Magistrate stated "GE's interpretation of Judge Roberts' Order that it was not required to produce any documents it obtained from CPSC to be an unduly narrow interpretation of her order that is not well-taken." (Order at 5). The Magistrate found that GE "failed to undertake reasonably diligent efforts to determine the availability of responsive documents." (Order, 5). The Magistrate carefully considered the burden on GE, writing, "[w]hile it is true that a complete and comprehensive search would involve the search of multiple databases, including seven terabytes of information as described by GE, it would have taken little effort or expense to uncover the readily available and responsive documents in the CPSC file and the Safety Database." (Order, 5). This

9

Court agrees. The Magistrate considered both the burden and expense of the discovery sought, and concluded that it did not outweigh the likely benefits. The Magistrate's finding that the requested discovery is not unduly burdensome on GE is not clear error, and this Court upholds his Order.

**V. Conclusion**

The Magistrate Judge's Order is not clearly erroneous or contrary to law.

The Court **ADOPTS** the Order of the Magistrate. (Doc. 63).

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 20, 2010

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 20, 2010.<br><br>s/Linda Vertriest<br>Deputy Clerk |