## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TIMOTHY HENNIGAN, AARON
MCHENRY and CHRISTOPHER COCKS,
individually and on behalf of themselves and
all others similarly situated,

        Case No. 2:09-cv-11912VAR-MJH

        Plaintiffs,

        Hon. Victoria A. Roberts

v.

        Magistrate Judge Michael Hluchaniuk

GENERAL ELECTRIC COMPANY,

        Defendant.

_____

## EXPEDITED CONSIDERATION REQUESTED

## DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' THIRD AMENDED INITIAL EXPERT DISCLOSURE AND PRECLUDE TESTIMONY OF PLAINTIFFS' NEW EXPERT ABRAHAM J. WYNER

Defendant General Electric Company ("GE") hereby moves, pursuant to Fed. R. Civ. P. 26 and 37(c)(1), for entry of an order striking Plaintiffs' Third Amended Initial Expert Disclosure and precluding purported "rebuttal" expert Abraham J. Wyner, Ph.D. from offering opinions in this matter. In support of its motion, GE relies on the facts, law and argument set forth in the accompanying Brief. As set forth in GE's Brief, Plaintiffs' disclosure of a "rebuttal" expert at this juncture is improper, untimely, unjustified and prejudicial to GE.

GE also requests that the Court award GE its reasonable expenses, including

attorney's fees, under Fed. R. Civ. P. 16(f)(2) and 37(a)(5)(A) for Plaintiffs' unjustifiable failure to comply with the Court's scheduling orders and to withdraw their untimely and improper Third Amended Initial Expert Disclosure.

GE sought concurrence in the relief requested pursuant to Local Rule 7.1 and concurrence was not given, requiring GE to file this Motion. The parties telephonically met and conferred regarding GE's Motion on January 17, 2014 at 10:30 am. During that meet and confer conference, GE advised Plaintiffs that GE intended to file this Motion on that same day, January 17, 2013. Plaintiffs' counsel, for the first time, advised GE that Plaintiffs intended to file a motion regarding Dr. Wyner, but would not file on January 17, 2014. Notwithstanding such advice, Plaintiffs filed their Motion to Allow Rebuttal Expert Witness on January 17, 2014.

GE requests expedited consideration of this motion because Plaintiffs have represented that they intend to serve their "rebuttal" expert report at the same time as the filing of their Motion for Class Certification, the deadline for which is January 30, 2014. Absent such immediate consideration, the Plaintiffs' tactics

threaten to disrupt the orderly progression of this case, including resolution of the Plaintiffs'

upcoming Motion for Class Certification.

DICKINSON WRIGHT PLLC

By:  /s/ Jodi Munn Schebel

| | |
|---|---|
| Michael J. Mueller | Kenneth J. McIntyre (P17450) |
| Neil K. Gilman | Richard W. Paul (P29443) |
| Hunton & Williams LLP | Jodi Munn Schebel (P55889) |
| Attorneys for Defendant | Attorneys for Defendant |
| 2200 Pennsylvania Ave., N.W. | 500 Woodward Avenue, Suite 4000 |
| Washington, DC 20037 | Detroit, MI 48226 |
| 202-955-1500 | 313-223-3500 |

Dated: January 17, 2014

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TIMOTHY HENNIGAN, AARON
MCHENRY and CHRISTOPHER COCKS,
individually and on behalf of themselves and
all others similarly situated,

                Case No. 2:09-cv-11912VAR-MJH

        Plaintiffs,

                Hon. Victoria A. Roberts

v.

                Magistrate Judge Michael Hluchaniuk

GENERAL ELECTRIC COMPANY,

        Defendant.

_____

## EXPEDITED CONSIDERATION REQUESTED

## DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' THIRD AMENDED INITIAL EXPERT DISCLOSURE AND PRECLUDE TESTIMONY OF <u>PLAINTIFFS' NEW EXPERT ABRAHAM J. WYNER</u>

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .....................................................................i

STATEMENT OF ISSUES PRESENTED.............................................iii

TABLE OF CONTROLLING AUTHORITIES.......................................v

I.    INTRODUCTION...................................................................1

II.    PROCEDURAL HISTORY ...................................................2

    A.    The Court's Scheduling Orders set firm dates for expert disclosure, the exchange of expert reports and the taking of expert depositions ..............................................2

    B.    GE disclosed Dr. Marais' anticipated testimony, including "statistical analysis," over 14 months ago, on November 2, 2012....................................................3

    C.    Plaintiffs disclose new experts in violation of the Court's Order and the parties reach agreement on various changes....................................................4

    D.    January 9, 2014, Plaintiffs served their Third Amended Initial Expert Disclosure purporting to add an entirely new "rebuttal" expert without leave of the Court ...................5

III.    ARGUMENT ........................................................8

    A.    Plaintiffs' Third Amended Expert Disclosure violates the Court's Scheduling Orders....................................10

    B.    The provisions of Rule 26(A)(2)(D)(ii) do not apply when the Court's Scheduling Orders are silent regarding rebuttal experts.......................................12

    C.    The provisions of Rule 26(A)(2)(D)(ii) do not apply because Dr. Wyner is not a "rebuttal" expert .......................14

D.    Even if the provisions of Rule 26(A)(2)(D)(ii) apply, Plaintiffs' Third Amended Initial Expert Disclosure is still improper and untimely and should be stricken ............... 16

E.    Plaintiffs cannot meet their burden of establishing that their failure to timely disclose Dr. Wyner is substantially justified or harmless ............................................................ 18

1.    Plaintiffs' illogical and baseless assertion concerning GE's "gamesmanship" is not "compelling evidence" justifying Plaintiffs' failure to disclose a "rebuttal" expert in accordance with the Court's Scheduling Orders ................................... 19

2.    Plaintiffs cannot meet their burden and present "compelling evidence" that their untimely disclosure of Dr. Wyner is "harmless" ....................... 21

IV.    CONCLUSION ............................................................... 25

# TABLE OF AUTHORITIES

## Cases

*Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306 (M.D.N.C. 2002) ..........................13

*Cason-Merenda v. Detroit Med. Ctr.*, No. 06-15601; 2010 U.S. Dist. LEXIS 31376 at *6 (E.D. Mich., March 31, 2010) ...................................................17

*Dennis v. Sherman*, No. 1:08-cv-1055; 2010 U.S. Dist. LEXIS 46904 at *2 (W.D. Tenn., May 12, 2010) ........................................................................22

*Dettwiller v. Racetrac Petroleum, Inc.*, No. 99-1125; 1999 U.S. Dist. LEXIS 19063 at **2-4 (E.D. La., Dec. 3, 1999) ......................................................14

*Eckelkamp v. Beste*, 315 F.3d 863 (8th Cir. 2002) ...............................................v, 13

Fed R. Civ. P. 26 ........................................................................................................15

*Grain v. Trinity Health*, No. 03-72486; 2008 U.S. Dist. LEXIS 102644 at *9 (E.D. Mich., Dec. 18, 2008) .........................................................................24

*Hartford Fire Ins. Co. v. ABC Paving Co.*, No. 11-14110; 2013 U.S. Dist. LEXIS 89588 at *16 (E.D. Mich., June 26, 2013) ...................................v, 23

*IBM v. Fasco Indus.*, No. C-93-20326; 1995 U.S. Dist. LEXIS 22533 at **5-6 (N.D. Cal., Mar. 15, 1995)............................................................. v, 13, 14

*Madison Capital Co., LLC v. S & S Salvage, LLC*, No. 4:08-CV-00134; 2011 U.S. Dist. LEXIS 4788 at **11-12 (W.D. Ky., Jan. 19, 2011)........v, 15

*Masler v. Fields*, No. 06-4917; 2007 U.S. Dist. LEXIS 98596 at *7 (D. Minn., July 4, 2007)................................................................................13

*Powell v. Tosh*, 276 F.R.D. 553 (W.D. Ky. 2011)..................................................20

*Pride v. BIC Corp.*, 218 F.3d 566 (6th Cir. 2000)..................................................19

*Rojek v. Catholic Charities of Jackson, Inc.*, No. 08-14492, 2010 U.S. Dist. LEXIS 52056, *18-19 n.4 (E.D., Mich. May 27, 2010).................... v, 11, 12

*Salgado v. General Motors Corporation*, 150 F.3d 735 (7th Cir. 1998).................9

*Schablonentechnik v. MacDermid Graphic Arts, Inc*., No. 1:02-CV-2585; 2005 U.S. Dist. LEXIS 45982 at \*\*8-9 (N.D. Ga., June 21, 2005) .........v, 14

*SG Industries*, 2011 U.S. Dist. LEXIS 140341 at \*30 ................................. v, 22, 24

*Shaw v. Am. Honda Motor Co*., No. 10-38; 2010 U.S. Dist. LEXIS 119892 at \*\*2-3 (E.D. La., Nov. 10, 2010 ...................................................................13

*Station Enters. v. Ganz, Inc*., No. 07-CV-14294; 2009 U.S. Dist. LEXIS 87904 at \*13 (E.D. Mich., Sept. 24, 2009)......................................... v, 18, 24

*Trs. of the Painters Union Deposit Fund v. Interio*, No. 05-70110; 2007 U.S. Dist. LEXIS 84843 at \*8 (E.D. Mich., Nov. 16, 2007)............................v, 24

*Vance v. United States*, No. 98-5488; 1999 U.S. App. LEXIS 14943 at \*\*18-19 (6th Cir., June 25, 1999) .................................................................... 19, 22

*Vaughn v. Homegoods, Inc*., No. 07-CV-15085; 2008 U.S. Dist. LEXIS 68831 at \*12 (E.D. Mich., Sept. 11, 2008)....................................................22

*Warren v. City of Detroit*, No. 02-74288, 2006 U.S. Dist. LEXIS 8653, at \*5 (E.D. Mich., Feb. 13, 2006)...........................................................................19

*Woodhull v. County of Kent*, No. 1:04-cv-203; 2006 U.S. Dist. LEXIS 48594 at \*3 (W.D. Mich., July 18, 2006) ("Rule 37(c)(1) .........................................9

**Rules**

Fed. R. Civ. P. 16...................................................................................... 2, v, 8

Fed. R. Civ. P. 26...................................................................................... passim

Fed. R. Civ. P. 37................................................................................... v, 9, 18

Fed. R. Civ. P. 37(c)(1)............................................................................ 9, 18

## STATEMENT OF ISSUES PRESENTED

1.     Is Plaintiffs' Third Amended Initial Expert Disclosure designating a previously unknown and undisclosed expert witness whose opinion will be served along with Plaintiffs' forthcoming Motion for Class Certification improper and untimely under the express language of the Court's Scheduling Orders and amendments thereto?

**GE ANSWERS: Yes**


2.     Is Plaintiffs' Third Amended Initial Expert Disclosure designating a previously unknown and undisclosed expert witness whose opinion will be served along with Plaintiffs' forthcoming Motion for Class Certification untimely under Federal Rule of Civil Procedure 26(a)(2)(D)(ii)'s provisions even if those provisions apply?

**GE ANSWERS: Yes**


3.     Do Plaintiffs lack the necessary compelling evidence establishing that: (1) they will be justified in serving a report by a new expert witness, over 15 months after the express deadline for disclosing experts as set forth in the Court's Scheduling Order, nearly 10 months after the close of discovery, over six months

after Plaintiffs' expert reports were due, almost 90 days after GE's service of its expert Dr. M. Laurentius Marais' report, over 40 days after Plaintiffs' completion of Dr. Marais' deposition, and with Plaintiffs' Motion for Class Certification, which is due to be filed on January 30, 2014; and (2) allowing the new expert will be harmless to GE?

**GE ANSWERS: Yes**

4.      Should the Court enter an order pursuant to Federal Rule of Civil Procedure 37(c)(1) striking Plaintiffs' untimely disclosure of Dr. Wyner, precluding Dr. Wyner from offering expert opinions or testimony in this case, and awarding GE its fees and other reasonable expenses incurred in bringing this motion?

**GE ANSWERS:  Yes**

## TABLE OF CONTROLLING AUTHORITIES

**Cases**

- *Eckelkamp v. Beste*, 315 F.3d 863 (8th Cir. 2002)

- *Freeman v. City of Detroit*, No. 09-13184; 2011 U.S. Dist. LEXIS 68914 (E.D. Mich., June 24, 2011)

- *Hartford Fire Ins. Co. v. ABC Paving Co.*, No. 11-14110; 2013 U.S. Dist. LEXIS 89588 (E.D. Mich., June 26, 2013)

- *IBM v. Fasco Indus.*, No. C-93-20326; 1995 U.S. Dist. LEXIS 22533 (N.D. Cal., Mar. 15, 1995)

- *Madison Capital Co., LLC v. S & S Salvage, LLC*, No. 4:08-CV-00134; 2011 U.S. Dist. LEXIS 4788 (W.D. Ky., Jan. 19, 2011)

- *Rojek v. Catholic Charities of Jackson, Inc.*, No. 08-14492, 2010 U.S. Dist. LEXIS 52056 (E.D., Mich. May 27, 2010)

- *Schablonentechnik v. MacDermid Graphic Arts, Inc.*, No. 1:02-CV-2585; 2005 U.S. Dist. LEXIS 45982 (N.D. Ga., June 21, 2005)

- *SG Industries, Inc. v. RSM McGladrey, Inc.*, No. 10-cv-11119; 2011 U.S. Dist. LEXIS 140341 (E.D. Mich., Dec. 7, 2011)

- *Station Enters. v. Ganz, Inc.*, No. 07-CV-14294; 2009 U.S. Dist. LEXIS 87904 (E.D. Mich., Sept. 24, 2009)

- *Trs. of the Painters Union Deposit Fund v. Interio*, No. 05-70110; 2007 U.S. Dist. LEXIS 84843 (E.D. Mich., Nov. 16, 2007) (*Roberts*)

**Rules**

- Fed. R. Civ. P. 16
- Fed. R. Civ. P. 26
- Fed. R. Civ. P. 37

## I.   INTRODUCTION

On January 9, 2014, Plaintiffs disclosed that they want to offer the expert testimony of a previously unknown and undisclosed individual, Abraham J. Wyner, Ph.D. ("Dr. Wyner"), "on, among other things . . . , the opinions of [GE expert] Dr. M. Laurentius Marais as reflected in Dr. Marais' deposition testimony and declaration." (*See* Plaintiffs' Third Amended Initial Expert Disclosure attached as Exhibit A).  Plaintiffs plan to serve Dr. Wyner's expert report at the same time they file their Motion for Class Certification – nearly 10 months after the close of discovery, over six months after Plaintiffs' expert reports were due, almost 90 days after GE served Dr. Marais' expert report and over 40 days after Dr. Marais' deposition.  And Plaintiffs apparently had planned to do so in violation of the Court's Scheduling Orders, without seeking leave of the Court, and over GE's objections.[1]  Plaintiffs' beyond the eleventh hour attempt to add Dr. Wyner as an expert is unjustified and will prejudice GE.  Accordingly, the Court should grant GE's Motion, strike Plaintiffs' Third Amended Initial Expert Disclosure, and preclude Dr. Wyner from offering any opinions or testimony in this case.

---

[1] The parties telephonically met and conferred regarding GE's Motion on January 17, 2014 at 10:30 am.  During that meet and confer conference, GE advised Plaintiffs that GE intended to file this Motion on that same day, January 17, 2013.  Plaintiffs' counsel, for the first time, advised GE that Plaintiffs intended to file a motion regarding Dr. Wyner, but would not file on January 17, 2014.  Notwithstanding such advice, Plaintiffs filed their Motion to Allow Rebuttal Expert Witness on January 17, 2014.

## II.   PROCEDURAL HISTORY

**A.   The Court's Scheduling Orders set firm dates for expert disclosure, the exchange of expert reports and the taking of expert depositions**

The Court's various Orders in this case set firm deadlines, ultimately requiring the following:

- Identification of Plaintiffs' Experts: September 28, 2012
- Identification of GE's Experts: November 2, 2012
- Close of Discovery: April 18, 2013 (except for certain previously served discovery)
- Serving of Reports of Plaintiffs' Experts Dr. Aris Silzars, John Gerling and Stuart Statler: June 28, 2013
- Serving of Report of Plaintiffs' Expert Thomas Frazee: August 2, 2013
- Depositions of Plaintiffs' Experts Silzars, Gerling and Statler: August 30, 2013
- Deposition of Plaintiffs' Expert Frazee: September 18, 2013
- Serving of Reports of GE's Experts Dr. Shukri Souri, Dr. Donald Hoffmann and Michael Gidding: October 16, 2013
- Serving of Reports of GE's Experts Dr. Marais and Lucy Allen: November 5, 2013
- Depositions of GE's Experts Souri, Hoffmann and Gidding: November 30, 2013
- Depositions of GE's Experts Dr. Marais and Lucy Allen: December 19, 2013
- Class Certification Motion: January 30, 2014

(*See* Initial Scheduling Order and Amendments attached collectively as Exhibit B).[2]  Minor adjustments to certain dates were made by agreement of the parties. (*Id. see, e.g.,* Dkts. 146, 147, 148 and 151).

As required, Plaintiffs served their Initial Expert Disclosure on September 28, 2012. (*See* Plaintiffs' Initial Expert Disclosure attached as Exhibit C).  One of the listed individual's resume stated that he has previously provided "statistical analysis" services to his clients. (*See* Dr. Woods' resume attached as Exhibit D).

**B.**    **GE disclosed Dr. Marais' anticipated testimony, including "statistical analysis," over 14 months ago, on November 2, 2012**

GE responded by timely serving its Initial Expert Disclosure on November 2, 2012.  That document identified Dr. Marais (among others) and summarized his anticipated testimony as follows:

> GE <u>anticipates</u> that  Dr. Marais will offer testimony on . . . ***analysis of GE and other data*** relevant to Plaintiffs' allegations, class certification and the merits of the case; ***statistical analysis***; and assessment of Plaintiffs' alleged damages and class certification.  GE also anticipates that Dr. Marais will offer testimony regarding certain ***opinions and testimony to be offered by Plaintiffs' experts***.  In addition, GE anticipates that Dr. Marais may be requested to offer testimony on other topics relevant to Plaintiffs' allegations, class certification and the merits of the case.

---

[2] Exhibit B includes the Court's December 14, 2010 Scheduling Order (Phase I) (Dkt. 83) and the following subsequent amendments: February 3, 2012 (Dkt. 123), December 11, 2012 (Dkt. 143), April 17, 2013 (Dkt. 144), May 16, 2013 (Dkt. 146), June 27, 2013 (Dkt. 147), July 30, 2013 (Dkt. 148) and December 5, 2013 (Dkt. 151).

(*See* GE's Initial Expert Disclosure attached as Exhibit E) (emphasis added).

### C.   Plaintiffs disclose new experts in violation of the Court's Order and the parties reach agreement on various changes

On April 18, 2013, the date discovery closed, Plaintiffs served an Amended Initial Expert Disclosure listing five new un-retained expert witnesses. (*See* Plaintiffs' Amended Initial Expert Disclosure attached as Exhibit F).  Plaintiffs did so without GE's stipulation or leave of the Court.   GE subsequently sought Plaintiffs' agreement allowing GE to substitute one of its previously designated damages experts. (*See* Correspondence dated June 20, 2013 attached as Exhibit G). Plaintiffs agreed as long as GE agreed not to "object to the designations [Plaintiffs] made previously of un-retained experts" in Plaintiffs' April 18, 2013 Amended Initial Expert Disclosure. (*Id*.; Exhibit F).[3]  Plaintiffs also requested a "three week extension of the deadline to submit the expert report of [their] damages expert." (*Id*.).  The parties further agreed that the deadlines for the reports of GE's experts Dr. Marais and newly substituted Lucy P. Allen and Denise Neumann Martin, Ph.D. would be extended by three weeks. (*Id*.).

---

[3] In that regard, Plaintiffs admitted that those disclosures, made at the close of discovery, "were made after the deadline." (*Id*.) Plaintiffs thus implicitly acknowledged that their April 18, 2013 Amended Initial Expert Disclosure, served without leave of the Court and beyond the deadline for disclosure set by the Court, was improper and ineffective.  Yet, one year later and under even more egregious circumstances, Plaintiffs have once again disclosed a new expert, in this instance Dr. Wyner, well beyond the time allowed for disclosure.

Counsel for the parties did not discuss the substance of their respective experts' opinions. In fact, at the time, having not yet received Plaintiffs' experts' reports, GE had not conclusively decided on which of the previously and consistently disclosed subjects Dr. Marais, Ms. Allen or Dr. Martin would ultimately testify.[4] The Court entered the parties' Stipulated Order on June 27, 2013. (*See* Exhibit B, Dkt. 147).

The parties' expert elections were now unequivocally finalized. The parties served expert reports and completed expert depositions in accordance with the agreed 2013 Scheduling Order amendments. (*See generally,* Exhibit B). Plaintiffs served the expert report of Mr. Frazee on August 2, 2013 and GE served the expert reports of Ms. Allen and Dr. Marais on November 5, 2013. Dr. Marais' deposition was taken on December 17 and 18, 2013.

### D. January 9, 2014, Plaintiffs served their Third Amended Initial Expert Disclosure purporting to add an entirely new "rebuttal" expert without leave of the Court

On December 20, 2013, Plaintiffs' counsel in a telephone conversation for the first time raised the possibility of adding a "rebuttal" expert to counter Dr. Marais' opinions. Plaintiffs confirmed their intention to add a "rebuttal" expert by letter to GE's counsel dated December 26, 2013. Plaintiffs' counsel stated that he had "***assumed*** that Dr. Marais' opinions would be responsive to the opinions of

---

[4] GE later withdrew Dr. Martin as a testifying expert.

[Plaintiffs'] damages expert Thomas Frazee" and had "only recently discovered that instead, Dr. Marais [was] [being] offered only as a statistical expert."[5] (*See* Plaintiffs' Correspondence dated December 26, 2013 attached as Exhibit H) (emphasis added).  Plaintiffs' counsel requested that GE consent "to a stipulation to time for Plaintiffs to designate a rebuttal statistical expert, for that expert to submit a report, and for Defendants to depose said expert." (*Id*).  Plaintiffs' counsel also expressed a "fear that [the addition of a rebuttal expert] may delay the briefing schedule for class certification." (*Id*.)

By letter dated December 31, 2013, GE declined Plaintiffs' request, noting, among other reasons, that it resulted from an incorrect and baseless assumption:

> The history of this case belies Plaintiffs' implicit claim of surprise by the subject matter of Dr. Marais' report. *Plaintiffs themselves listed a statistician*, [James Woods] in their initial expert disclosure **15 months ago**; Plaintiffs *have known about GE's designation* of an expert on statistics for **14 months**; Plaintiffs have known the *contents of Dr. Marais' report* for almost **two months**; and Plaintiffs did not raise their new request until after deposing Dr. Marais just two weeks ago. . . .

(*See* GE's Correspondence dated December 31, 2013 attached as Exhibit I) (emphasis added).)  GE also pointed out that Plaintiffs voluntarily withdrew Dr.

---

[5] It is still unclear what Plaintiffs' counsel meant by "only recently discovered." At the time of this letter, Plaintiffs had Dr. Marais' report for almost two months. Pursuant to Fed. R. Civ. P. 26 (a)(2)(B)(i), the report contained "a complete statement of all opinions [Dr. Marais] will express and the basis and reasons for them."

Woods, their previously disclosed expert who was purportedly qualified to offer testimony regarding "statistical analysis," eight months after GE designated Dr. Marais to testify regarding "statistical analysis." (*Id*.)   GE also stated that "[p]ermitting Plaintiffs to add a statistician at this point in the case would vitiate the Court's scheduling orders as stipulated to and amended by the parties" and therefore, "GE strongly believe[d] that Plaintiffs' request [was] unfair and improper." (*Id*.)

Nonetheless, in violation of the Court's Scheduling Orders and despite GE's proper objections, Plaintiffs served their Third Amended Initial Expert Disclosure on January 9, 2014, identifying an entirely new and previously undisclosed expert without leave of the Court. (*See* Exhibit A).   Plaintiffs' Third Amended Initial Expert Disclosure identifies Dr. Wyner "to offer testimony on, ***among other things***, the following topics: (1) Rebuttal testimony regarding the opinions of Dr. M. Laurentius Marais as reflected in Dr. Marais' deposition testimony and declaration." (*Id*.) (emphasis added).

In light of Plaintiffs' violation of the Court's Scheduling Orders and applicable law, GE requested that Plaintiffs withdraw their Third Amended Initial Expert Disclosure. (*See* GE's Correspondence dated January 10, 2014 attached as Exhibit J).   Plaintiffs refused. (*See* Plaintiffs' Correspondence dated January 13, 2014 attached as Exhibit K).   Instead, Plaintiffs for the first time stated their

intention to serve Dr. Wyner's report at the same time that they file their Motion for Class Certification. (*Id*.).[6]  Plaintiffs also claimed as justification for Plaintiffs' late disclosure of Dr. Wyner:

> [Plaintiffs' counsel was] led to believe that Dr. Marais would be providing an expert opinion on damages . . . because [GE's counsel Rick Paul] told [him] that Dr. Marais and the other damages experts needed the extra time to respond to Thomas Frazee's report . . . . [GE] only decided to have [Dr. Marais] offer an opinion on the Safety Database after GE received Mr. Frazee's report.  (*Id*.)[7]

## III.   ARGUMENT

District courts have inherent authority over scheduling and are empowered to issue scheduling orders to govern pending cases.  Fed. R. Civ. P. 16(b)(1).  Among the contents of the scheduling order, the court may "(i) modify the timing of disclosures under Rules 26(a) and 26(e)(1) . . . and (vi) include other appropriate matters." Fed. R. Civ. P. 16(b)(3)(B).  The Court has authority pursuant to Rule 16(f) to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney. . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).

---

[6]  Contrary to this new representation, Plaintiffs' previous correspondence represented that an extension of the class certification briefing schedule would likely be needed to accommodate the addition of Dr. Wyner. (*See* Exhibit H).

[7] Plaintiffs' representations in this regard are not only incorrect but are also self-evidently false, as the topics of Dr. Marais' testimony were clearly disclosed to Plaintiffs *in writing long ago*.  More importantly, this argument is irrelevant.  All that happened was that GE obtained a three week extension for Dr. Marais' report.  Had Dr. Marais' report been filed three weeks earlier, Plaintiffs still would not have been entitled to add a new expert under the Court's Scheduling Order.

Rule 26(a)(2)(D) similarly provides that "[a] party must make [its expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26 (a)(2)(D (ii).  In the "[a]bsen[ce] [of] a stipulation or a court order," and "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party," expert disclosures must be made "***within 30 days*** after the other party's disclosure." *Id*. (emphasis added).

When "a party fails to . . . identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Woodhull v. County of Kent*, No. 1:04-cv-203; 2006 U.S. Dist. LEXIS 48594 at *3 (W.D. Mich., July 18, 2006) ("Rule 37(c)(1) requires absolute compliance with Rule 26(a).").[8]

Here, the parties agreed to and the Court entered a schedule that conformed to their respective burdens.  As the party with the burden of proof both on the merits and on class certification, Plaintiffs were required to disclose their expert testimony first.  Had they believed it would have been helpful, they could have

---

[8] *See also Salgado v. General Motors Corporation*, 150 F.3d 735, 742 n.6 (7th Cir. 1998) (holding that Rule 37(c)(1) puts teeth into Rule 26, stating "the district court acted well within its discretion when it decided to impose the sanction of precluding the witnesses from testifying" since "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless") (cited with approval in *Roberts v. Galen of Va., Inc*., 325 F.3d 776, 782 (6th Cir. 2003).

provided a statistician's report, especially given that one of their identified experts purported to be a statistical expert and they were aware that GE had disclosed a statistical expert.  For whatever tactical reasons, they chose not to do so.

Plaintiffs obviously have changed their view.  But it is too late under the Court's Orders, the Federal Rules and principles of fundamental fairness. Plaintiffs should not be able to disclose a new expert over 15 months after such disclosures were due and submit a report over six months after reports were due, especially since Plaintiffs are proposing to do so *on the same day as their class certification motion*.

### A.   Plaintiffs' Third Amended Expert Disclosure violates the Court's Scheduling Orders

Rule 26(a)(2)(D) explicitly states that rebuttal expert disclosures "***must***" be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26 (a)(2)(D) (emphasis added).   Under the agreed upon schedule, Plaintiffs were required to identify their experts over 15 months ago, on September 28, 2012, and discovery closed nine months ago, on April 18, 2013. (*See* Exhibit B, Dkt. 144). All amendments to the deadlines in the Court's Orders, including extensions of the dates for the exchange of expert reports and completion of expert depositions, were made through stipulated orders and identified the parties' previously disclosed experts by name. (*See, e.g.,* Exhibit B, Dkt. 147) (stipulating to, among other

things, an extension of time for Dr. Marais to produce his report and to be deposed by Plaintiffs).

The Court's Scheduling Orders do not permit the disclosure of rebuttal experts.  Therefore, by the express terms of the Court's orders, including those stipulated to by the parties, Plaintiffs were required to disclose **all** expert witnesses by September 28, 2012. (*See generally*, Exhibit B).  Plaintiffs cannot circumvent the expert disclosure and discovery schedule as set forth in the Court's Orders by characterizing Dr. Wyner as a "rebuttal" expert, particularly at this late stage of the litigation.  Chief Judge Rosen rejected the same tactic under similar circumstances, ruling that a plaintiff's designation of her witness as a "rebuttal expert" was insufficient to overcome the express terms of a scheduling order. *See Rojek v. Catholic Charities of Jackson, Inc.*, No. 08-14492, 2010 U.S. Dist. LEXIS 52056, *18-19 n.4 (E.D., Mich. May 27, 2010) (explaining that the plaintiff failed to disclose her expert rebuttal witness in conformity with the court's scheduling order concerning experts generally and holding that the rebuttal expert's declaration would not be considered as a result).

As demonstrated in *Rojek*, scheduling orders addressing "experts" must be interpreted to control the disclosure of direct **and** rebuttal experts.  If the Court or the parties intended to allow rebuttal experts, whether beyond the dates provided for the disclosure of Plaintiffs' direct experts  or otherwise, then dates would have

been expressly referenced in the Court's initial scheduling order or one of the amendments stipulated to by the parties since the court's initial December 14, 2010 Scheduling Order. (*See* Exhibit B, Dkts. 144, 146, 147, 148, 151).  The failure to provide for "rebuttal" experts in the Court's Scheduling Orders means, quite simply, that such experts are not permitted.  Plaintiffs' January 9, 2014 unilateral identification of Dr. Wyner – an entirely new and previously undisclosed expert – over 15 months after the date on which Plaintiffs were required to disclose expert witnesses is untimely, improper and should be stricken pursuant to Rule 37(c)(1).

**B.    The provisions of Rule 26(A)(2)(D)(ii) do not apply when the Court's Scheduling Orders are silent regarding rebuttal experts**

In an effort to excuse their disregard of the Court's Orders, GE anticipates that Plaintiffs may assert that the absence of reference to "rebuttal experts" in the Court's scheduling orders does not foreclose Plaintiffs' use of a rebuttal expert, but rather triggers the provisions of Rule 26(a)(2)(D):  "Absent a stipulation or a court order, the disclosures [of rebuttal experts] must be made . . . within 30 days after the other party's disclosure."  However, that position is contrary to Judge Rosen's decision in *Rojek* and has been rejected by other courts.  In particular, the Eighth Circuit has ruled that the deadlines imposed in Rule 26(a)(2)(D) only apply if there is no court scheduling order in place. *See Eckelkamp v. Beste*, 315 F.3d 863, 872 (8th Cir. 2002) ("The district court's case order set its management requirements

and did not provide for rebuttal experts, and the court was entitled to hold the parties to that order.").

Other district courts have similarly ruled that where a governing scheduling order is silent regarding rebuttal expert reports, Rule 26(a)(2)(D) does not apply:

> The critical question . . . is *whether the court has spoken on the subject of expert disclosures generally*, not whether it has specifically substituted its own deadlines for those proposed in . . . [Rule 26]. The scheduling order does not have to account for every deadline set forth in . . . [Rule 26]. When the court crafted its own schedule for expert disclosures, the mechanism set forth in Rule 26 was nullified. . . . *[Rule 26] merely provides alternative deadlines should the court neglect to set its own schedule*.

*IBM v. Fasco Indus.*, No. C-93-20326; 1995 U.S. Dist. LEXIS 22533 at **5-6 (N.D. Cal., Mar. 15, 1995).[9]

---

[9] *See also, Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) ("[T]he discovery plan did not permit a third tier of expert disclosure as plaintiff contends . . . . [W]hen there is a discovery plan covering expert disclosures, the plan controls and not the explicit provisions of . . . [Rule 26]."); *Shaw v. Am. Honda Motor Co*., No. 10-38; 2010 U.S. Dist. LEXIS 119892 at **2-3 (E.D. La., Nov. 10, 2010 (refusing to permit rebuttal expert report where scheduling order was silent regarding rebuttal reports and where plaintiff failed to submit its initial report by the scheduling order deadline); *Masler v. Fields*, No. 06-4917; 2007 U.S. Dist. LEXIS 98596 at *7 (D. Minn., July 4, 2007) ("Where a court issues a scheduling order that provides a deadline for expert disclosures, but does not expressly permit disclosure of rebuttal experts by plaintiff . . . , the 30-day disclosure deadline for rebuttal reports in Rule [26(a)(2)(D)] does not apply."); *Dettwiller v. Racetrac Petroleum, Inc*., No. 99-1125; 1999 U.S. Dist. LEXIS 19063 at **2-4 (E.D. La., Dec. 3, 1999) (denying the plaintiff leave to file a rebuttal expert report within thirty days of receipt of the defendant's expert report where the court's discovery order provided an expert report exchange deadline with no mention of rebuttal expert reports).

Accordingly, the provisions of Rule 26(a)(2)(D) do not apply in this case. The Court's Scheduling Orders control. Those Orders are silent regarding the use of "rebuttal" experts. As such, "rebuttal" experts are not permitted and Plaintiffs should not be permitted to disclose or offer Dr. Wyner as a "rebuttal" expert.[10]

### C.   The provisions of Rule 26(A)(2)(D)(ii) do not apply because Dr. Wyner is not a "rebuttal" expert

Even assuming that the provisions of Rule 26 could be used to permit Plaintiffs to disclose Dr. Wyner as a "rebuttal" expert and to serve a "rebuttal" report, Plaintiffs' disclosure of Dr. Wyner is still improper. Rule 26(a)(2)(D) (ii) applies only to "rebuttal" experts. Here, Plaintiffs Third Amended Initial Expert Disclosure purports to identify an entirely new and previously undisclosed expert, Dr. Wyner. Plaintiffs Third Amended Initial Expert Disclosure states that Dr. Wyner will "offer testimony on, ***among other things***, . . . the opinions of Dr. M. Laurentius Marais as reflected in Dr. Marais' deposition testimony and declaration." (*See* Exhibit A) (emphasis added).

---

[10] This is particularly true given that Plaintiffs consented to the Court's Scheduling Orders and requested several amendments without raising the issue of rebuttal experts. *See Schablonentechnik v. MacDermid Graphic Arts, Inc*., No. 1:02-CV-2585; 2005 U.S. Dist. LEXIS 45982 at **8-9 (N.D. Ga., June 21, 2005) ("The holding of *IBM* is all the more persuasive . . . in light of the fact that the schedule adopted on the consent of both parties makes it obvious that neither party expected or requested the inclusion of time for rebuttal experts.").

Rebuttal testimony is "evidence . . . intended solely to contradict or rebut evidence on the same subject matter identified by another party. . ." Fed R. Civ. P. 26 (a)(2)(D)(ii).   In light of Plaintiffs' description of Dr. Wyner's anticipated testimony, it is apparent that they seek to have Dr. Wyner offer new affirmative opinions on Plaintiffs' behalf, and that Plaintiffs are characterizing Dr. Wyner as a "rebuttal" expert in a constrained and inappropriate effort to fit his disclosure and yet to-be-filed report into the confines of Fed. R. Civ. P. 26(a)(2)(D)(ii).   This is demonstrated by two indisputable facts.   First, Plaintiffs initially disclosed an expert purportedly qualified to offer opinions regarding "statistical analysis," but chose not to use him.   The "rebuttal" strategy is an improper attempt to put forward expert testimony that they now recognize should have been provided initially.   *See In re Air Crash Disaster*, 86 F.3d 498, 528 (6th Cir. 1996) (a party cannot introduce experts "merely by sticking the label 'rebuttal' on a neglected part of its affirmative case."); *Madison Capital Co., LLC v. S & S Salvage, LLC*, No. 4:08-CV-00134; 2011 U.S. Dist. LEXIS 4788 at **11-12 (W.D. Ky., Jan. 19, 2011) ("The Court will not allow [plaintiff] to now introduce expert testimony belonging in its case-in-chief masquerading as rebuttal expert testimony.").   Second, insofar as Dr. Marias' testimony critiques the affirmative testimony of Plaintiffs' experts Dr. Aris Silzars and  John Gerling, Plaintiffs cannot use a new expert on "rebuttal"

as a means to bolster the testimony of their experts.  Thus, Rule 26(a)(2)(D) does

not apply to Plaintiffs' improper and untimely disclosure of Dr. Wyner.

### D.   Even if the provisions of Rule 26(A)(2)(D)(ii) apply, Plaintiffs' Third Amended Initial Expert Disclosure is still improper and untimely and should be stricken

Even if Dr. Wyner is considered to be a "rebuttal" expert, Plaintiffs should

not be permitted to serve his report or use his testimony.  The clear language of

Rule 26(a)(2)(D) (ii) requires any disclosure by Dr. Wyner, which must include a

report containing all the information required by Rule 26(a)(2)(B), to be made

within 30 days of GE's disclosure of Dr. Marais' opinions. *See* Fed. R. Civ. P. 26

(a)(2)(D) (ii) (stating that a rebuttal experts' disclosure must be made "within 30

days after the other party's disclosure").  GE served Dr. Marais' expert report on

November 5, 2013.  At that point, GE had "disclosed" Dr. Marais in compliance

with Rule 26(a)(2)(A-B). *See* Fed. R. Civ. P. 26(a)(2)(A-B) ("[A] party must

disclose . . . the identity of any [expert] witness [and] . . . [that] disclosure must be

accompanied by a written report. . . .").  Therefore, even if Rule 26(a)(2)(D)(ii)

were applicable (which it is not), the express terms of Fed. R. Civ. P. 6(a)(2)(D)(ii)

required Plaintiffs to have served Dr. Wyner's report no later than December 5,

2013.[11]

---

[11] *See Cason-Merenda v. Detroit Med. Ctr.*, No. 06-15601; 2010 U.S. Dist. LEXIS 31376 at *6 (E.D. Mich., March 31, 2010) ("[The] [p]laintiffs' rebuttal reports
Footnote continued on next page …

But Plaintiffs did not even identify Dr. Wyner until Plaintiffs served their Third Amended Disclosure on January 9, 2014 – *35 days* past the December 5, 2013 deadline.  More importantly, Plaintiffs still have not served a report from Dr. Wyner, instead stating that they intend to serve it with their Motion for Class Certification, due on January 30, 2014. (*See* Exhibit K).  If true, Plaintiffs will not have properly disclosed Dr. Wyner in accordance with Rule 26(a)(2)(A-B) until *55 days* after the opinions of Dr. Marais were disclosed.[12]  Thus, even under this

_____

Continued from previous page …

plainly qualified as disclosures under Rule 26(a)(2)(B) . . . and so it seemingly follows that [the] [d]efendants were required to produce any sur-rebuttal reports within 30 days after Plaintiffs produced their rebuttal reports . . . [and] [y]et, [the] [d]efendants did not file the present motion and accompanying sur-rebuttal report . . . [until] five days after this 30-day deadline."); *Paul v. Henri-Liné Mach. Tools, Inc.*, No. 10-10832; 2012 U.S. Dist. LEXIS 180026 at *7 (E.D. Mich., Dec. 20, 2012) (Using disclosure of the expert report to be rebutted as the trigger for applying Rule 26(a)(2)(D)(ii)'s 30 day time limit despite the fact that the expert filed supplemental reports and was deposed at a later date in the case).

[12] Plaintiffs' January 13, 2014 letter represents that Plaintiffs did not realize their need for Dr. Wyner's "rebuttal" opinions until after Dr. Marais' deposition concluded on December 18, 2013. (*See* Exhibit K).  There is no factual or legal basis for expanding the application of Rule 26(a)(2)(D)(ii) past the bounds of its plain language. (*See* p. 16, *supra*.)  However, even if Plaintiffs argue that the Rule's 30 day window should begin at the conclusion of Dr. Marais' deposition, that period closes on January 18, 2014.  Accordingly, disclosure of Dr. Wyner's report at the time they file their class certification motion (due January 30, 2014) would still be untimely and improper under even this strained interpretation of Rule 26(a)(2)(D)(ii). *See Station Enters. v. Ganz, Inc.*, No. 07-CV-14294; 2009 U.S. Dist. LEXIS 87904 at *13 (E.D. Mich., Sept. 24, 2009) ("Even if the Court gives [the] [d]efendants the benefit of the doubt by assuming the latest and final of the [] deposition dates was . . . the latest date when the [p]laintiff provided the evidence which [the] [d]efendants intend to rebut, [the] [d]efendants' . . .

Footnote continued on next page …

hypothetical scenario, Plaintiffs' attempted disclosure of Dr. Wyner as a "rebuttal" expert is untimely and Plaintiffs' Third Amended Initial Expert Disclosure must be stricken under Rule 37(c)(1).

### E. Plaintiffs cannot meet their burden of establishing that their failure to timely disclose Dr. Wyner is substantially justified or harmless

Although Plaintiffs' Third Amended Expert Disclsoure is improper and untimely, Plaintiffs assert in their January 13, 2014 letter that "Plaintiffs' delay here was substantially justified and is completely harmless to GE." (*See* Exhibit K). Plaintiffs are incorrect and cannot meet their burden in this regard.

Pursuant to Fed. R. Civ. P. 37(c)(1), a party may not use evidence that the party failed to properly disclose "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *See Roberts*, 325 F.3d at 782 (6th Cir. 2003) ("Rule 37(c)(1) requires 'absolute compliance' with Rule 26(a) and the exclusion sanction is "automatic and mandatory unless the sanctioned party can show that its violation was either justified or harmless."). "[I]t is the responsibility of the party that has failed to adhere to a scheduling order to supply '*compelling evidence*' of either justification or harmless failure." *Warren v. City of Detroit*, No. 02-74288, 2006 U.S. Dist. LEXIS 8653, at *5 (E.D. Mich., Feb. 13, 2006) (citing *Vance v.*

---

Continued from previous page …
disclosure of a 'rebuttal' witness occurred more than thirty days later and was untimely.").

*United States*, No. 98-5488; 1999 U.S. App. LEXIS 14943 at \*\*18-19 (6th Cir., June 25, 1999)).   Ultimately, "[d]istrict courts have broad discretion to exclude untimely disclosed expert-witness testimony." *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000).

> 1.   **Plaintiffs' illogical and baseless assertion concerning GE's "gamesmanship" is not "compelling evidence" justifying Plaintiffs' failure to disclose a "rebuttal" expert in accordance with the Court's Scheduling Orders**

Plaintiffs identified Dr. Wyner almost 15 months after GE disclosed Dr. Marais' anticipated testimony and two months after Plaintiffs received Dr. Marais' expert report.   Plaintiffs have attempted to justify this delay by wrongfully accusing GE of "gamesmanship."   Specifically, Plaintiffs assert that their delay is justified because GE mislead Plaintiffs into believing that "Dr. Marais would be providing an expert opinion on damages" based on its request "that Dr. Marais and the other damages experts [be given] extra time to respond to Thomas Frazee's report." (Exhibit K).   In essence, Plaintiffs argue that GE purportedly misled Plaintiffs into providing a 21 day extension for serving Dr. Marais' report. Plaintiffs' proffered justification is factually wrong and, in any event, is not logically tied to what they are seeking.[13]

---

[13] Plaintiffs' January 13, 2014 letter cites *Powell v. Tosh*, 276 F.R.D. 553 (W.D. Ky. 2011) for the proposition that Plaintiffs' delay is substantially justified because
Footnote continued on next page …

GE did not mislead Plaintiffs.  On June 20, 2013, Plaintiffs asked GE to "agree to a three week extension of the deadline to submit the expert report of [Plaintiffs'] damages expert [Thomas Frazee]." (*See* Exhibit G).  GE agreed and asked for a corresponding three week extension for two of its experts.  Plaintiffs agreed.  This is the kind of scheduling agreement parties always make, and it is encouraged by this Court's Civility Principles.  Plaintiffs' claim that they only agreed because they thought Dr. Marais was a damages expert simply makes no sense in light of the fact that GE's Initial Expert Disclosure expressly stated that Dr. Marais may offer analysis of "GE and other data," "statistical analysis" and "testimony regarding certain opinions and testimony to be offered by Plaintiffs' experts." (*See* Exhibit E).  There was no "gamesmanship" in GE's actions.[14]

---

Continued from previous page …

"the [p]laintiffs were not able to depose [the] [d]efendants' expert witness until May 12, 2011 and did not receive a transcript of that deposition until June 3, 2011."  However, *Powell* is inapposite and distinguishable from the facts presented here.  In *Powell*, unlike the present circumstances, the proffered rebuttal expert was an original disclosed and deposed affirmative expert whose rebuttal report "did not contradict or change the opinion offered in [the rebuttal expert's] original affirmative expert report." *Id.* at 559.  The Court accordingly found that despite the delay, defendants suffered no prejudice or harm because "most if not all of the additional data cited [in the rebuttal expert's] report has already been provided to Defendants through the discovery process." *Id*.  Here, Dr. Wyner is a new expert and Plaintiffs' Third Amended Initial Disclosure expressly indicates that Dr. Wyner is expected to offer new affirmative opinions other than those "rebutting" Dr. Marais.

[14] Plaintiffs' allegations of "gamesmanship" also appear to be new.  They make the claim for the first time in their January 13, 2014 letter.  But their December 26,

Footnote continued on next page …

Notwithstanding that there is no basis for Plaintiffs' claim of "surprise" or "gamesmanship," Plaintiffs further cannot explain how the 21 day extension for service of Dr. Marais' report is relevant. Even if Dr. Marais had served his report a few weeks earlier on October 16, 2013, there is still no provision in the Court's Scheduling Orders allowing Plaintiffs to disclose a new or "rebuttal" expert after the deadline for expert disclosures. (*See* Exhibit B, Dkt. 144). As such, the 21 day extension of time allowed for GE to serve Dr. Marais' report is wholly unrelated and irrelevant to the issue before the Court, which is whether to allow Plaintiffs to put forward new expert testimony over six months after the date on which it should have been provided.

> ### 2. Plaintiffs cannot meet their burden and present "compelling evidence" that their untimely disclosure of Dr. Wyner is "harmless"

Importantly, "[t]he Sixth Circuit has treated the 'harmless' requirement as referring to the nature of the party's failure to disclose and not the effect on the opposing party." *See Vaughn v. Homegoods, Inc.*, No. 07-CV-15085; 2008 U.S. Dist. LEXIS 68831 at *12 (E.D. Mich., Sept. 11, 2008) (*citing Roberts*, 325 F.3d at

---

Continued from previous page …
2013 letter requesting that GE consent to Dr. Wyner's late disclosure states simply that Plaintiffs' counsel had made an apparently incorrect "assumption" about the nature of Dr. Marais' then undisclosed opinions. (*See* Exhibit H; Exhibit K). More importantly, as discussed below, it simply does not matter what Plaintiffs knew and when they knew it.

783).  "The Rule 37 advisory committee note 'strongly suggests that "harmlessness" involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.'"  *Id*. (quoting *Vance*, 1999 U.S. App. LEXIS 14943, at **16-17 (referencing Rule 37 Advisory Committee Notes to 1993 Amendments)).  The "requirement of knowledge is further broken down into two parts: that opposing counsel knows 'who [is] going to testify and to what they [are] going to testify.' If opposing counsel knows these two matters, the situation is 'atypical of cases where sanctions have been justified under Rule 37(c)(1).'"  *Dennis v. Sherman*, No. 1:08-cv-1055; 2010 U.S. Dist. LEXIS 46904 at *2 (W.D. Tenn., May 12, 2010) (quoting *Roberts*, 325 F.3d at 783)).

Dr. Wyner's late disclosure cannot possibly be considered harmless under applicable law.  Plaintiffs' counsel has not made an "honest mistake."  Rather, they understood the potential need for a statistical expert and disclosed an expert purportedly qualified as such, and they knew that GE had disclosed a statistical expert.  Yet they made a calculated decision not to go forward with a statistical expert.  They are not allowed relief from the consequences of that decision.  *See SG Industries, Inc. v. RSM McGladrey, Inc*., No. 10-cv-11119; 2011 U.S. Dist. LEXIS 140341 at *30 (E.D. Mich., Dec. 7, 2011) ("[T]here was no 'honest mistake' on [the] [p]laintiff's part. It made a calculated, deliberate decision to

forego retention of an expert in the hope that it could settle this case without incurring the expense of an expert.").

Moreover, GE had no knowledge of Dr. Wyner or his prospective opinions, whether "rebuttal" or otherwise, prior to Plaintiffs' improper and untimely service of their Third Amended Initial Expert Disclosure.  It is not as though Plaintiffs seek to use one of their previously disclosed experts whose opinions were challenged by Dr. Marais to rebut the basis of that challenge.  Rather, Plaintiffs seek to introduce a completely new expert and opinions under the guise of "rebuttal," and purportedly intend to rely on such expert's opinions in connection with their Motion for Class Certification.[15]  Another Judge of this Court recently found an untimely expert disclosure could not be deemed harmless under the appropriate legal standard for identical reasons:  "[The plaintiff] had no knowledge as to who would testify, or whether it was certain that any expert would testify at all . . . ."  *See Hartford Fire Ins. Co. v. ABC Paving Co*., No. 11-14110; 2013 U.S. Dist. LEXIS 89588 at *16 (E.D. Mich., June 26, 2013).

Although Plaintiffs' January 13, 2014 letter states that Plaintiffs will make Dr. Wyner available for deposition after serving his report (*see* Exhibit K), even with that opportunity, GE would be forced to re-examine its theory of defense –

---

[15] Plaintiffs' January 13, 2014 letter states that Plaintiffs "would not object if GE requires additional time to respond to the class certification motion."  (*See* Exhibit K at p. 2).

23

which is entirely improper given that discovery has been closed for nine months. In this regard, Plaintiffs' statement that the delay caused by the addition of Dr. Wyner is "harmless to GE" is inconsistent with prior rulings in this regard by this Court: "[T]he Sixth Circuit [has] identified excessive delay as harmful." *Trs. of the Painters Union Deposit Fund v. Interio*, No. 05-70110; 2007 U.S. Dist. LEXIS 84843 at *8 (E.D. Mich., Nov. 16, 2007) (*Roberts*) (citing *Caudell v. City of Loveland*, 226 Fed. Appx. 479, 482 (6th Cir. 2007)).[16]

Delaying class certification to allow Dr. Wyner's rebuttal testimony would be tantamount to allowing Plaintiffs to "take a mulligan" on their decision to withdraw Dr. Woods and not timely engage a statistical expert when the parties stipulated to modifications of their expert designations. (*See* Exhibit B, Dkt. 147). The Court should not be forced to delay its docket because Plaintiffs' counsel wants relief from its previous tactical decision. *See, Freeman v. City of Detroit*, No. 09-13184; 2011 U.S. Dist. LEXIS 68914 at *6 (E.D. Mich., June 24, 2011) ("Disregard of the [dates set by court] order would not only undermine the court's

---

[16] *See also, SG Industries*, 2011 U.S. Dist. LEXIS 140341 at *30 ("[T]o allow [the] [p]laintiff to introduce an expert several months after the close of discovery would severely prejudice [the] [d]efendant."); *Station Enters.*, 2009 U.S. Dist. LEXIS 87904 at **19-20 ("The prejudice to [the] [p]laintiff is great in this instance where the expert was named more than three months after the close of discovery and only a few months prior to the . . . trial date."); *Grain v. Trinity Health*, No. 03-72486; 2008 U.S. Dist. LEXIS 102644 at *9 (E.D. Mich., Dec. 18, 2008) (agreeing that addition of experts was "likely to further delay the resolution of this case, and [was] a prejudice to the [d]efendants. . . .").

ability to control its docket and disrupt the course of the litigation, but also it would effectively reward the indolent and the cavalier.") (internal citation omitted)

As such, Plaintiffs cannot meet their burden to present "compelling evidence" that their improper, untimely, and presently incomplete disclosure of Dr. Wyner is harmless to GE. Rule 37(c)(1)'s "automatic and mandatory" exclusion sanction applies and the Court should grant the relief requested in this Motion.

## IV.   CONCLUSION

For the foregoing reasons, GE respectfully requests that this Court enter an order pursuant to Rule 37(c)(1) striking Plaintiffs' Third Amended Initial Expert Disclosure and precluding Dr. Wyner from offering any expert opinions in this case. GE also requests that this Court award it reasonable expenses, including attorney's fees, under Rule 16(f)(2) and Rule 37(a)(5)(A) for Plaintiffs' unjustifiable failure to comply with the Court's scheduling orders and withdraw their Third Amended Initial Expert Disclosure.

DICKINSON WRIGHT PLLC

By:  /s/ Jodi Munn Schebel

| | |
|---|---|
| Michael J. Mueller | Kenneth J. McIntyre (P17450) |
| Neil K. Gilman | Richard W. Paul (P29443) |
| Hunton & Williams LLP | Jodi Munn Schebel (P55889) |
| Attorneys for Defendant | Attorneys for Defendant |
| 2200 Pennsylvania Ave., N.W. | 500 Woodward Avenue, Suite 4000 |
| Washington, DC 20037 | Detroit, MI 48226 |
| 202-955-1500 | 313-223-3500 |

Dated:  January 17, 2014

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 17, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ Jodi Schebel
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226-3425
Tel:  (313) 223-3500

1