UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY HENNIGAN, AARON MCHENRY,
and CHRISTOPHER COCKS,
individually and on behalf of
all others similarly situated,

        Hon. Victoria A. Roberts

    Plaintiffs,

        Case No. 09-11912

v.

GENERAL ELECTRIC COMPANY,

    Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S ORDER (DOC. # 185) and
TERMINATING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (DOC. # 157)**

**I.    INTRODUCTION**

On January 17, 2014, Plaintiffs filed a "Motion for Leave to Allow Rebuttal Expert Witness." ("Motion for Leave"; Doc. # 153). That same day, Defendant filed a "Motion to Strike Plaintiffs' Third Amended Initial Expert Disclosure and Preclude Testimony of Plaintiffs' New Expert Abraham J. Wyner." ("Motion to Strike"; Doc. # 154). The Court referred the motions to Magistrate Judge Michael Hluchaniuk.

On March 25, 2014, Magistrate Hluchaniuk entered an Order Denying Plaintiffs' Motion for Leave and Granting Defendant's Motion to Strike. ("Order"; Doc. # 185). Plaintiff filed objections to the Magistrate's Order on April 8, 2014. (Doc. # 186). The objections are fully briefed; the Court waives oral argument under L.R. 7.1(f)(2).

Plaintiffs' objections are **REJECTED**; the Magistrate Judge's Order was not clearly erroneous or contrary to law. The Court **ADOPTS** the Magistrate Judge's Order Denying Plaintiffs' Motion for Leave and Granting Defendant's Motion to Strike.

Pursuant to the parties' stipulated order (Doc. # 192), Plaintiffs' Motion for Class Certification (Doc. # 157) is **TERMINATED**; the motion will be refiled and briefed in accordance with the stipulated order.

## II. BACKGROUND

Plaintiffs brought this action – a proposed class action – in May 2009 alleging that Defendant manufactured defective microwaves which caused them and others similarly situated, injuries.

Plaintiffs and Defendant exchanged initial expert witness disclosures on September 28, 2012 and November 2, 2012, respectively. Among others, Defendant said it expected to call M. Laurentius Marais, Ph.D. ("Dr. Marais"), as an expert witness to testify regarding:

> [A]nalysis of GE and other data relevant to Plaintiffs' allegations, class certification and the merits of the case; statistical analysis; . . . assessment of Plaintiffs' alleged damages and class certification[;] . . . [and] certain opinions and testimony to be offered by Plaintiffs' experts.

(Defendant's Initial Expert Disclosure at p. 4). Defendant timely served Plaintiffs with Dr. Marais' expert report on November 5, 2013; among other things, his report contained a statistical analysis. Because they did not have a statistical expert of their own, Plaintiffs consulted with Abraham J. Wyner, Ph.D. ("Dr. Wyner") to analyze Dr. Marais' statistical analysis. Plaintiffs deposed Dr. Marais on December 17 and 18, 2013.

On December 20, 2013, Plaintiffs' counsel – during a telephone conversation with Defendant's counsel – raised for the first time the possibility of adding a rebuttal expert to counter Dr. Marais' statistical analysis. In a follow-up letter dated December

2

26, 2013, Plaintiffs' counsel asked Defendant to "consent to a stipulation of time for Plaintiffs to designate a rebuttal statistical expert, for that expert to submit a report, and for Defendants to depose said expert." In that same letter, Plaintiffs' counsel said they feared that this may delay the class certification briefing schedule, but that they would address the timing issues once they "identif[ied] and retain[ed] an expert." Defendant declined Plaintiffs' request by letter on December 31, 2013; defense counsel's reason for declining the request was that "Plaintiffs have known about GE's designation of an expert on statistics for 14 months; Plaintiffs have known about the contents of Dr. Marais' report for almost two months; and Plaintiffs did not raise their new request until after deposing Dr. Marais just two weeks ago...."

On January 9, 2014, Plaintiffs filed a Third Amended Initial Expert Disclosure that listed Dr. Wyner as an expert who would offer testimony to rebut the opinions of Dr. Marais. Defendant asked Plaintiffs to withdraw the "untimely filing"; Plaintiffs refused. On January 30, 2014, Plaintiffs served Defendant with Dr. Wyner's expert report.

The parties submitted cross-motions regarding the admissibility of Dr. Wyner's report: (1) Plaintiffs' Motion for Leave; and (2) Defendant's Motion to Strike. The Court referred the motions to Magistrate Judge Michael Hluchaniuk pursuant to 28 U.S.C. § 636(b)(1)(A).

On March 25, 2014, Magistrate Judge Hluchaniuk entered an order granting Defendant's motion, denying Plaintiffs' motion, and excluding the report and testimony of Dr. Wyner.

Plaintiffs filed objections to the Order on April 8, 2014. (Doc. # 186). Defendant responded to the objections, and Plaintiffs replied to the response. (Docs. # 190, 191).

In addition, on May 12, 2014, Plaintiffs filed a "Notice of Additional Evidence in Further Support of Plaintiffs' Motion for Leave to Allow Rebuttal Expert Witness." (Doc. # 193). Defendant responded to the notice. (Doc. # 194).

### III. STANDARD OF REVIEW

When reviewing a magistrate judge's order on a preliminary, non-dispositive matter, a district court must modify or set aside any part of the order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Visteon Global Techs. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 524-25 (E.D. Mich. 2012) (citations omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992). If two or more permissible views of the evidence exists, a magistrate judge's decision cannot be "clearly erroneous." *See Anderson v. City of Bessemer City, N.*, 470 U.S. 564, 573-74 (1985). "A legal conclusion is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Robinson v. Allstate Ins. Co.*, 2011 WL 3111947, at *2 (E.D. Mich. July 26, 2011) (citation omitted). "The 'contrary to law' standard requires the Court to use independent judgment when reviewing legal conclusions." *Id.* (citation omitted).

### IV. APPLICABLE LAW

4

Under Fed. R. Civ. P. 26(a)(2)(A), a party must disclose the identity of any expert witness it may have testify at trial.  *See* Fed. R. Civ. P. 26(a)(2)(A); *see also* Fed. R. Evid. 702.  Along with the disclosure, a party must serve the opposing party with a written report for each expert.  *See* Fed. R. Civ. P. 26(a)(2)(B).  The timing of the disclosures and written reports must be made in accordance with Rule 26(a)(2)(D).  For example, "if ... evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), [disclosure of that evidence must be made] within 30 days after the other party's disclosure."  *See* Fed. R. Civ. P. 26(a)(2)(D)(ii).

Because Dr. Wyner was retained solely to rebut the opinions of Dr. Marais, Plaintiffs were required to disclose him as an expert witness and serve Defendant with his written report within 30 days after they were served with Dr. Marais' report.  *See* Fed. R. Civ. P. 26(a)(2)(D)(ii); *see also* Fed. R. Civ. P. 26(a)(2)(B) ("disclosure must be accompanied by a written report").  Defendant served Plaintiffs with Dr. Marais' report on November 5, 2013.  Thus, Plaintiffs were required to disclose Dr. Wyner and serve Defendant with his report on or before December 5, 2013.  However, Plaintiffs did not disclose Dr. Wyner until January 10, 2014 – over one month after the deadline; and, they did not serve Defendant with Dr. Wyner's report until January 30, 2014 – approximately two months after the deadline.

To ensure compliance with expert witness disclosure requirements, Rule 37(c) provides sanctions for violation of Rule 26(a):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, ***unless***

5

> the failure was **substantially justified** or is **harmless**. In addition to or instead of this sanction, the court ... **may** [impose other sanctions]....

Fed. R. Civ. P. 37(c)(1) (emphasis added). "[T]he potentially sanctioned party has the burden to prove the application of one of the[] exceptions [in Rule 37(c)(1)]." *Vaughn v. HomeGoods, Inc.*, 2008 WL 4239505, at * 3 (E.D. Mich. Sept 11, 2008) (citing *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)). "District Courts have broad discretion to exclude untimely disclosed expert-witness testimony." *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000).

**V.    ANALYSIS**

In the Order granting Defendant's Motion to Strike and denying Plaintiffs' Motion for Leave, Magistrate Judge Hluchaniuk made the following factual findings: (1) Defendant "disclosed as early as November 2012 that Dr. Marais may testify about statistical matters"; (2) "plaintiffs were clearly on notice that Dr. Marais was providing a statistical analysis [on November 5, 2013] when they received his report"; and (3) despite this knowledge, "plaintiffs served the amended expert witness disclosure over a month after the 30 day deadline [under Fed. R. Civ. P. 26(a)(2)(D)(ii)] expired and did not serve an expert report for their rebuttal expert witness until nearly two months after the deadline expired." (*See* Order at pp. 4-5). Plaintiffs do not object to any of the Magistrate's factual findings.

Based on those factual findings, Magistrate Judge Hluchaniuk held that Plaintiffs' untimely expert disclosure was not harmless or substantially justified under Rule 37(c)(1). Upon finding neither exception applicable, the Magistrate Judge excluded Dr. Wyner's report and testimony. Plaintiffs object to the Magistrate Judge's legal

6

conclusions on three grounds.

### A.     Objection 1

First, Plaintiffs say the Magistrate Judge "incorrectly determined as a matter of law that [their] failure to submit their rebuttal expert disclosure and expert report within 30 days after receipt of Dr. Marais' expert report was not substantially justified."

Plaintiffs attempt to show their untimely disclosure was substantially justified by using different multi-factor tests from other jurisdictions. Plaintiffs say their failure to abide by the deadline in Rule 26 was substantially justified, because: (1) Defendant was not prejudiced, minimal disruption will result from their late disclosure, and Dr. Wyner's report was not used in support of any motion; (2) the late disclosure was not done in bad faith, they began conferring with Dr. Wyner after receiving Dr. Marais' report, and they were not aware a statistical expert was necessary until after they deposed Dr. Marais; and (3) exclusion of Dr. Wyner's report and testimony could potentially be prejudicial to Plaintiffs.

Magistrate Judge Hluchaniuk rejected these arguments and held that: (1) Plaintiffs "failed to show good cause or demonstrate that they could not anticipate the need for expert testimony to rebut the testimony of Dr. Marais"; (2) Plaintiffs did "not adequately explain why a timely disclosure of their rebuttal expert after Dr. Marais' report issued was not made"; and (3) Plaintiffs' "delay was not substantially justified." (*See* Order at pp. 4-5).

The Court agrees with the Magistrate Judge: Plaintiffs' failure to timely disclose Dr. Wyner and serve Defendant with his expert report was not substantially justified. The majority of Plaintiffs' arguments do not shed light on whether their untimely

disclosure was substantially justified. For example, whether the late disclosure prejudiced Defendant, caused disruption, and/or was used in support or defense of a motion do not concern whether or not Plaintiffs had substantial justification for their late disclosure; similarly whether exclusion of Dr. Wyner's report and testimony will prejudice Plaintiff does not concern whether Plaintiffs' failure to abide by the deadline in Rule 26 was substantially justified.

Plaintiffs' only contention that touches on whether their conduct was substantially justified is their assertion that they were not aware a statistical expert was necessary until after they deposed Dr. Marais. However, a review of the facts shows that this contention does not support a finding that Plaintiffs' untimely disclosure was substantially justified. First, the undisputed facts show that Plaintiffs were first notified that Dr. Marais may testify about statistical matters in November 2012; more importantly, they "were clearly on notice that Dr. Marais was providing a statistical analysis [on November 5, 2013] when they received his report." Based on this alone, it is clear that Plaintiffs' delay of approximately two and three months, respectively, to disclose Dr. Wyner as an expert witness and serve Defendant with his report was not substantially justified. In addition, even if Plaintiffs did not realize they would need a statistical expert until after concluding Dr. Marais' deposition on December 18, 2013, they still did not serve Defendant with Dr. Wyner's report until 43 days later – approximately two weeks past what the deadline would have been; they offer no substantial justification for why it took this long.

Because Magistrate Judge Hluchaniuk did not "fail[] to apply or misappl[y] relevant statutes, case law, or rules of procedure" in finding that Plaintiffs' untimely

8

disclosure was not substantially justified, that legal conclusion is not contrary to law. *See Robinson*, 2011 WL 3111947, at *2 (citation omitted). Plaintiffs' first objection is rejected.

### B. Objection 2

Plaintiffs' second objection is that the Magistrate "incorrectly held as a matter of law that Plaintiffs' failure to submit their rebuttal expert disclosure and report within 30 days after receipt of Dr. Marais' expert report was not harmless."

Plaintiffs say their untimely filing was harmless because: (1) they "did not believe that a rebuttal expert to Dr. Marais' report was necessary until after they deposed him" and this was due to an honest mistake; (2) Defendant now has full knowledge of Dr. Wyner's opinions; (3) Dr. Wyner's report was not used in support of any dispositive motion; and (4) Defendant is not facing any deadline and may depose Dr. Wyner.

The Court in *Vaughn* provided a useful summary of what to consider in determining whether a failure to timely disclose is "harmless":

> The Sixth Circuit has treated the "harmless" requirement as referring to the nature of the party's failure to disclose and not the effect on the opposing party. *Roberts*, 325 F.3d at 783 (finding lack of disclosure "harmless" when party neglected to include expert's signature and details of his education but opposing party nonetheless knew who would testify and to what he would testify). Generally, this requires an "inadvertent," *id.*, or "an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (internal quotation marks omitted).

*Vaughn,* 2008 WL 4239505, at *4.

In addition to holding that Plaintiffs failed to show good cause for their untimely disclosure and that they did not adequately explain why they failed to timely disclose Dr. Wyner and serve Defendant with his report, the Magistrate Judge found that: (1)

9

Plaintiffs "presented no evidence that their failure to timely disclose the rebuttal expert in accord[ance] with Rule 26 was harmless or inadvertent as described in *Vaughn*"; and (2) "just as in *Vaughn*, there is no evidence that defendant[] had prior knowledge of plaintiffs' rebuttal expert's identity or report so as to render plaintiffs' failure to timely disclose harmless." (Order at pp. 4-5, 9-10).

The Court agrees with the Magistrate Judge: Plaintiffs failed to show that their failure to abide by the deadline in Rule 26 was inadvertent or due to an honest mistake; and thus, their untimely disclosure was not harmless.

Despite knowing that Dr. Marais' report contained statistical analysis regarding Defendant's alleged liability on November 5, 2013, Plaintiffs waited two months after receiving his report (and three weeks after deposing him) before disclosing Dr. Wyner as a rebuttal expert witness; then, they waited nearly three additional weeks before serving Defendant with Dr. Wyner's report. Throughout this entire time, Plaintiffs had been conferring with Dr. Wyner regarding Dr. Marais' opinions. This is not an inadvertent failure or honest mistake. *See Vaughn,* 2008 WL 4239505, at *4. Moreover, the Magistrate Judge is correct that Defendant was not aware of Dr. Wyner's identity prior to the disclosure; and, Defendant did not know the content of Dr. Wyner's report until approximately two months after the deadline under Rule 26 had passed. Plaintiffs' untimely disclosure was not harmless. *See id.*

Magistrate Judge Hluchaniuk followed the legal standard set out in *Vaughn*; his finding that Plaintiffs' untimely disclosure was not harmless was reasonable. Because the Magistrate Judge did not "fail[] to apply or misappl[y] relevant statutes, case law, or rules of procedure" in reaching this legal conclusion, it is not contrary to law. *See*

10

*Robinson*, 2011 WL 3111947, at *2 (citation omitted).  Plaintiffs' second objection is rejected.

### C.     Objection 3

Last, Plaintiffs say that "[e]ven if [their] failure to timely disclose Dr. Wyner was not substantially justified or harmless, the Magistrate Judge still erred by incorrectly holding as a matter of law that Fed. R. Civ. P. 37(c)(1) imposes a mandate requiring exclusion of Dr. Wyner and depriving the court of discretion to impose a lesser sanction, which would have been more appropriate under the circumstances."

This objection is unfounded; Plaintiffs misrepresent Magistrate Judge Hluchaniuk's findings.  Although he ultimately excludes Dr. Wyner's report and testimony, the Magistrate Judge does not "hold[] as a matter of law that Fed. R. Civ. P. 37(c)(1) imposes a mandate requiring exclusion," as Plaintiffs contend.  The Order mentions Rule 37(c)(1)'s so-called mandate twice: (1) "Because plaintiffs have not established substantial justification or harmlessness, **defendant[] assert[s]** that Rule 37 mandates Wyner's automatic exclusion"; and (2) "*Vaughn* further points out that the rule's language imposes a mandate on this court ...." (Order at p. 8) (emphasis added).

The first reference merely recites one of Defendant's arguments; the second reference accurately interprets *Vaughn's* holding that Rule 37(c)(1) imposes a mandate on this court to issue some sanction, not necessarily exclusion.  *See Vaughn* at *3.  Indeed, *Vaughn* explicitly recognizes that "[t]he rule does allow the court to impose other sanctions 'in addition to or instead of' exclusion."  *Id.* at *4, n. 9 (citing Fed. R. Civ. P. 37(c)(1)).  In the order, Magistrate Judge Hluchaniuk notes that "*Vaughn* sets forth

the applicable Sixth Circuit standards." (Order at p. 8). Contrary to Plaintiffs' assertion, the Magistrate Judge did not conclude that exclusion was required as a matter of law. Plaintiffs' third objection is rejected.

## VI.     CONCLUSION

Plaintiffs' objections are **REJECTED**; the Magistrate Judge's Order was not clearly erroneous or contrary to law.

The Court **ADOPTS** the Magistrate Judge's Order Denying Plaintiffs' Motion for Leave and Granting Defendant's Motion to Strike (Doc. # 185).

Pursuant to the parties' stipulated order (Doc. # 192), Plaintiffs' Motion for Class Certification (Doc. # 157) is **TERMINATED**; the motion will be refiled and briefed in accordance with the stipulated order.

**IT IS ORDERED.**

                                                            S/Victoria A. Roberts
                                                            Victoria A. Roberts
                                                            United States District Judge

Dated:  September 8, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 8, 2014.

s/Linda Vertriest
Deputy Clerk