UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORIA ROBINSON, AARON MCHENRY,
and CHRISTOPHER COCKS,
individually and on behalf of themselves
and all others similarly situated,

Plaintiffs,

v.

Honorable Victoria A. Roberts
Case No. 09-cv-11912

GENERAL ELECTRIC COMPANY,

Defendant.
_____________________________________/

**ORDER DENYING PLAINTIFFS' REQUEST TO FILE A RENEWED MOTION FOR CLASS CERTIFICATION**

## I. Introduction

This Court asked the parties to brief how the case will proceed in light of the recent denial of class certification. Plaintiffs propose filing a supplement to an expert report and a renewed motion for class certification.

Plaintiffs' request is **DENIED**; the declaration that Plaintiffs propose to file is too extensive to be categorized as a "supplement." And, without the further support Plaintiffs seek to add, the requirements for class certification are not met.

## II. Background

Plaintiffs argue GE sold defective Microwave Ovens ("MWO") which did not have adequate safety mechanisms in the event of a self-start. Plaintiffs' original Motion for Class Certification proposed a nationwide class and classes in Michigan, Ohio and California. Plaintiffs made a number of concessions and filed a Motion for Leave to

Submit a Modified Class Definition, holding in abeyance the nationwide, Ohio and Michigan classes. That Motion sought certification of a California class only. The Court issued an opinion on April 14, 2016 which accepted the modified definition of a California class but determined Plaintiffs failed to meet the requirements for class certification.

The Court ordered Plaintiffs to provide clarification, in writing, as to how they intend to proceed with the classes held in abeyance, in light of: (1) this Court's April 14, 2016 Opinion; and (2) modifications Plaintiffs conceded; and (3) the portions of the expert opinions that remain. ECF No. 294. The Court also said that, to the extent Plaintiffs seek to file a renewed motion for a California class, that request is denied.

Plaintiffs say they intend to seek certification of subclasses of individuals who purchased four specific models: (1) JVM1790 (owned by Christopher Cocks); (2) JVM1860 (owned by Victoria Robinson ("Robinson")); and, (3) JVM1861 and JVM3660, because they share essentially the same design, except aesthetics, as Robinson's MWO.

Plaintiffs say they intend to focus on the defective use of thermal cutout switches ("TCO") as the only safety mechanism to cut power in the event of a self-start. A TCO is defined by Plaintiffs' experts as ". . . a thermally activated switch which opens and prevents power from being delivered past the point where the TCO is located in the electrical circuit. TCO activation occurs when the contact surface of the TCO reaches the preset operation temperature." Gerling Expert Report 23-25, ECF No. 200-3.

To meet the requirements for class certification, Plaintiffs intend to submit a supplemental declaration from engineering expert Aris Silzars ("Silzars") discussing the

safety features of the models listed above. Specifically, Silzars intends to discuss the TCO type, location, and temperature rating as well as the safety features the four models share.

Plaintiffs stress that they do not seek to reopen fact or expert discovery; Silzars' supplement will rely on the same technical manuals and schematics he used to render his previous opinions.

Plaintiffs intend to seek certification of three subclasses:

(1) California class:

> All individuals who purchased a GE-brand microwave oven with the model number JVM1790 in the State of California since 2002 for primarily personal, family, or household purposes (the "California subclass").

Plaintiffs say the Court's order does not preclude the California subclass because it is different and narrower than the class Plaintiffs sought to certify in their original motion. The proposed California class action has three counts: (1) California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.; (2) California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770 *et seq*; and (3) unjust enrichment.

(2) Michigan class:

> All individuals who purchased a GE-brand microwave with the model numbers JVM1860, JVM1861, or JMV3660 in the State of Michigan since 2002 for primarily personal, family, or household purposes (the "Michigan subclass").

The Michigan class action has two counts: (1) Michigan's Consumer Protection Act, Mich. Stat. §445.901 *et seq*.; and (2) unjust enrichment. Victoria Robinson owned model JVM1860. Plaintiffs propose Robinson as the representative for JVM1861 and JVM3660; they say these models share essentially the same design except for aesthetic differences.

(3) Multi-State class:

> All individuals who purchased a GE-brand microwave oven with the model numbers JMV1790, JVM1860, JVM1861, or JVM3660 since 2002 in States for which the law of unjust enrichment is substantially similar to the States of California and Michigan (the "Multi-State Subclass").
>
> Unjust enrichment is the only proposed cause of action for the multi-state class.

## III. Discussion

### A. Supplementation of Expert Report

Plaintiffs desribe the supplement they intend to file:

> "a brief supplemental declaration from their engineering expert, Dr. Aris Silzars, discussing each microwave model's safety features, and in particular their TCO type, location, and temperature ratings, as well as the commonality among the JMV1860, JVM1861 and JVM3660 models with respect to these specific characteristics. For example, Dr. Silzars will demonstrate through circuit diagrams and other technical documentation produced by GE, as well as his own physical inspection, that the JVM1860 microwave model owned by Plaintiff Robinson and the JVM1861 and JVM3660 all: (a) have the same inadequate safety mechanisms; (b) rely on TCOs as the only safety mechanism to prevent a self-start fire; and (c) have identical TCO designs, in terms of their number, location, functionality, and temperature ratings.

ECF No. 301 at 23395-6.

Under the federal rules, an expert report "must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the expert in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

An expert report must be complete such that opposing counsel is not forced to depose an expert in order to avoid an ambush at trial, and to shorten or decrease the need for expert depositions and conserve resources. *R. C. Olmstead, Inc. v. C.U. Interface, LLC*, 606 F.3d 262, 271 (6th Cir.2010) (citations omitted).

A violation of Rule 26 can result in exclusion unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1); *Dickenson v. Cardiax and Thoracic Surgery of Eastern Tenn*., 388 F.3d 976, 983 (6th Cir.2004).

Plaintiffs have a duty under Fed. R. Civ. P. 26(e)(2) to supplement. However, the reasons for permissible supplementation are narrow and must be done "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court." Fed. R. Civ. P. 26(e)(1)(A-B).

While the language of the Rule 26(e) is that a party has a duty to supplement an incomplete report, case law makes it clear that this does not mean a party can use the rule as a way to bolster a previous report that lacked analysis or reasoning.

Supplementation has been allowed (1) to correct a late-in-the-day error or inaccuracy; (2) as a response to an opposing expert's pointing out gaps in a chain of reasoning; or (3) to reflect an expert's changed opinion. *Eiben*, 2013 WL 1721677 at *6.

GE says Plaintiffs did not conduct discovery on the design process or requirements for any specific model. The expert reports do not address specific models. GE says Plaintiffs proposed supplement to cure these deficiencies goes far beyond a

permissible supplement.

Plaintiffs made a strategic choice to attempt to certify an enormous class and in doing so the reports were correspondingly general. They now seek to narrow the class and support it by providing new factual detail and analysis. Under Rule 26(a) they can't; 26(a) requires the report to be "sufficiently complete." *R. C. Olmstead, Inc. v. C.U. Interface, LLC*, 606 F.3d at 271. Plaintiffs are not allowed to supply wholly missing information. "[S]eeking to transform a conclusory report via supplementation, Plaintiff is essentially and impermissibly presenting a new opinion." *Eiben*, 2013 WL 1721677 at *6.

The Court allowed Plaintiffs to supplement an expert report in the past. On September 18, 2014, Plaintiffs produced a declaration by engineering expert John Gerling. The declaration discussed and relied on a 1985 Patent and a 2007 undergraduate term paper. Neither the patent nor the paper was previously produced in discovery. Gerling said the materials support his opinion (in his report) that a microwave oven equipped with a smoke detector would be superior to GE's current design. GE filed a motion to strike, arguing that the supplement: (1) is untimely; (2) Plaintiffs failed to disclose the documents; and (3) failure is not substantially justified or harmless.

The Court denied GE's motion to strike, finding that the declaration did not offer a new opinion. Gerling discussed the patent and the paper as support for his opinion that a smoke detector is superior to TCOs as a safety mechanism. Plaintiffs also argued that GE should have produced the 1985 patent in discovery and that it was GE's own discovery misconduct that occasioned the late Gerling declaration.

Plaintiffs' proposed supplement to Silzars' report is much more substantial and complex than the Gerling supplement. Plaintiffs have not provided reasoning that their failure to supplement sooner is substantially justified or harmless. They could have narrowed the class and provided corresponding factual support at an earlier date; they chose not to. The Court agrees that this late in the litigation, a change of the type Plaintiffs now request would not be harmless; GE would face substantial costs in defending a case substantially altered.

Plaintiffs cannot use a supplement as a way to bolster an incomplete report this late in the litigation. As explained by the court in *Allgood v. General Motors Corp*., 2007 WL 647496 (S.D.Ind. Feb.2, 2007), the presentation of a new or transformed opinion by supplementation must be examined closely. Although Fed.R.Civ.P. 26(e) requires a party to supplement or correct disclosure upon information later acquired, that provision does not give license to "sandbag one's opponent with claims and issues" which should have been originally included in the expert witness' report. *Id*. at *3.

> To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could supplement existing reports and modify opinions previously given. This practice would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines, because new reports and opinions would warrant further consultation with one's own expert and virtually require new rounds of depositions. That process would hinder rather than facilitate settlement and the final disposition of the case.

*Id*. at *3-4 (quoting *Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M.2003)); *Eiben v. Gorilla Ladder Co.*, 2013 WL 1721677, at *6.

Additional rounds of supplements and depositions would surely result from

Plaintiffs' proposed supplement. If a new expert opinion is filed, GE says it will file a new rebuttal report from GE's experts, and GE would be entitled to depose Silzars again. GE says it anticipates another round of *Daubert* briefing. Plaintiffs' description of the proposed supplement is sufficiently detailed for the Court to determine that allowing it would hinder the progress of the case in terms of dispositive motions, potential settlement, and/or trial.

In conclusion, it is noteworthy that Plaintiffs filed their expert witness disclosure on September 28, 2012 and an amended disclosure on April 18, 2013. Silzars report is dated June 28, 2013. This supplement is a late attempt to provide new expert evidence on issues that have been in the case since the beginning. Under the rules, Plaintiffs are allowed to supplement, but the bounds of permissible supplementation are narrow; anything filed that constitutes an impermissible new opinion will be struck.

**B. California and Ohio**

The Court's previous order was clear that Plaintiffs cannot renew a motion to certify a California class. The Court already allowed Plaintiffs an opportunity to narrow the California class, which they did, winnowing the models at issue from 600, covering approximately 54 million units, to 60 models covering approximately 2.6 million units. Now, Plaintiffs seek to narrow again. The Court's June 22, 2016 Order said that, to the extent Plaintiffs seek to file a renewed motion for a California class, that request is denied, per the April 14, 2016 opinion. ECF No. 294.

Plaintiffs in their recent filing to certify three subclasses, make no mention of an Ohio class. GE says Plaintiffs abandoned the Ohio class; it was held in abeyance and Plaintiffs do not address it. The Court agrees with GE; the Ohio class is waived.

Plaintiffs may not file a renewed motion for a California or Ohio class.

**C. Plaintiffs Have not Demonstrated a Multi-Class is Feasible**

Plaintiffs mention a potential multi-class in a general way; they do not even identify the states potentially involved.

GE identifies the following as problematic: (1) choice of law; (2) no suitable class representative; and (3) unjust enrichment would not be a viable remedy if claimants would be entitled to relief under state consumer protection laws.

While the existence of state law variations alone is not sufficient to preclude class certification, Plaintiffs bear the burden to provide an "extensive analysis" to determine if there are "'insuperable obstacles' to class certification." *Ford Motor Co. Ignition Switch Prod. Liab. Litig., In re*, 174 F.R.D. 332, 349 (D.N.J. 1997). Variations in state law can defeat a nationwide claim. "If more than a few of the laws of the fifty states differ...the district judge would face an impossible task of instructing a jury on the relevant law." *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 948 (6th Cir. 2011).

Even if the Court allowed Plaintiffs to narrow the subclasses to four models, the Court is in the dark as to how many states are potentially involved. Nor have Plaintiffs suggested a manageable trial plan for the multi-state class. In addition to these issues, Plaintiffs fail to meet certification requirements for commonality and typicality as explained below.

**D. Michigan Class**

**1. Damages**

GE says no Michigan class will be able to recover under the Michigan Consumer Protection Act because it doesn't fit Frazee's damages Model 1A (disgorgement), the only remaining damages theory. Plaintiffs say given the broad protections and remedies afforded by the Michigan Consumer Protection Act, disgorgement may be awarded under the statute.

The Court need not address whether disgorgement is available under the Michigan Consumer Protection Act; disgorgement is a "cognizable remedy" for claims of unjust enrichment. *Gavriles v. Verizon Wireless*, 194 F. Supp. 2d 674, 681 (E.D. Mich. 2002). Thus, even if Plaintiffs could not proceed on their consumer protection claim, they could proceed under unjust enrichment.

**2. Rule 23 Requirements**

"Class certification is appropriate if the court finds, after conducting a 'rigorous analysis,' that the requirements of Rule 23 have been met." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig*., 722 F.3d 838, 851 (6th Cir. 2013). The Court has substantial discretion in deciding whether to certify a class; it possesses the inherent power to manage and control its own pending litigation. *Beattie v. CenturyTel, Inc*., 511 F.3d 554, 559 (6th Cir. 2007).

"[C]lass action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal–Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). To obtain class certification, plaintiffs must show: "(1) the class is so numerous that joinder

of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a).

"These four requirements—numerosity, commonality, typicality, and adequate representation—serve to limit class claims to those that are fairly encompassed within the claims of the named plaintiffs because class representatives must share the same interests and injury as the class members." *In re Whirlpool Corp. Front Loading Washer Products Liab. Litig*., 722 F.3d at 850-51 (citing, *Dukes*, 131 S. Ct. at 2550).

In addition to the four prerequisites of Rule 23(a), the proposed class must also meet at least one of the three requirements listed in Rule 23(b). *Dukes*, 131 S. Ct. at 2548; *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 509 (6th Cir. 2015). Certification under Rule 23(b)(3) requires the district court to find "that the questions of law or fact common to class members predominate over any questions affecting only individual members" and that the class action is "superior to other available methods" to adjudicate the controversy fairly and efficiently. FED. R. CIV. P. 23(b)(3). The burden is on Plaintiffs to prove that the requirements of class certification are met. *In re Am. Med. Sys., Inc*., 75 F.3d 1069, 1079 (6th Cir. 1996). As class representatives, Plaintiffs must establish that they possess the same interest and suffered the same injury as the class members they seek to represent. *Dukes*, 131 S. Ct. at 2550.

**a. Commonality**

Commonality demands that there be questions of law or fact common to the

class. FED. R. CIV. P. 23(a)(2). The relevant inquiry is whether a classwide proceeding has the capacity to "generate common answers apt to drive the resolution of the litigation." *Dukes*, 131 S. Ct. at 2551. A class action is not necessarily impermissible if questions specific to each individual member, such as damages, remain after common questions of defendant's liability have been resolved. *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988). However, the common questions must be meaningful and significant to the case. *Ham v. Swift Transp. Co.*, 275 F.R.D. 475, 484 (W.D. Tenn. 2011).

To be capable of classwide resolution means determination of the common contention will "resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551. "In other words, named plaintiffs must show that there is a common question that will yield a common answer for the class (to be resolved later at the merits stage), and that common answer relates to the actual theory of liability in the case." *Rikos*, 799 F.3d at 505.

GE says the factual record is not sufficient to proceed as Plaintiffs propose because Plaintiffs did not engage in discovery on the design process or requirements for any specific model and because the expert reports do not address specific models. GE says by seeking to file a supplemental declaration by Silzars, Plaintiffs essentially concede they can't certify a class with the remaining expert opinions.

In the Order denying class certification, the Court held the commonality requirement was not met, in part, because Plaintiffs' arguments regarding inadequate safety mechanisms were too general. Plaintiffs own expert opined that TCO activation temperatures vary by manufacturer, by as much as 100F for cavity TCOs. Gerling

Expert Report 23, ECF No. 200-3. Additionally, neither engineering expert focused on the type, placement or temperature settings of the TCOs by model.

Plaintiffs attempt to address these issues by limiting the proposed Michigan sub-class to three models. However, Silzars' expert report addressed only one of the three models and does not do so in the context of the other two models. Plaintiffs admit as much, because their description of the proposed supplement to the expert report is characterized as "discussing each microwave model's safety features, and in particular their TCO type, location, and temperature ratings, as well as the commonality among the JMV1860, JVM1861 and JVM3660 models with respect to these specific characteristics." ECF No. 301 at 23395.

Without new expert reports, Plaintiffs do not demonstrate that a new round of class certification will be more than an exercise in futility. Plaintiffs attempt to get around factual deficiencies in the expert reports by filing a supplement, but what they propose goes far beyond what is allowed under the supplementation rule.

**b. Typicality**

Federal Rule of Civil Procedure 23(a)(3) requires plaintiffs to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "[T]he commonality and typicality requirements of Rule 23(a) tend to merge." *Rikos*, 799 F.3d at 509 (quoting, *Dukes*, 131 S. Ct. at 2551 n.5). A plaintiff's claim is typical if it arises from the same event, practice, or course of conduct that (1) gives rise to the claims of other class members; and (2) if his or her claims are based on the same legal theory. *In re Am. Med. Sys., Inc*., 75 F.3d at 1082 (citation omitted).

To meet the typicality requirement, "a representative's claim need not always

involve the same facts or law, provided there is a common element of fact or law." *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 n.31 (6th Cir. 1976). *See also* 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1764 (3d ed. 2005) ("Thus, many courts have found typicality if the claims or defenses of the representatives and the members of the class stem from a single event or a unitary course of conduct, or if they are based on the same legal or remedial theory. Of course, when this is true the typicality standard is closely related to the test for the common-question prerequisite in subdivision (a)(2)").

Robinson, who does not live in Michigan, purchased a JVM1860. GE says no named Plaintiff or any of Plaintiffs' twenty-one declarants owned the other two models, JVM1861 and JVM3660. Plaintiffs propose Robinson as the representative for all three models but GE says Robinson is not a viable class representative and points out that she has been a resident of Georgia since 2013.

Plaintiffs' typicality theory is that Robinson's MWO is identical, except for aesthetics, to the other two models. This may be true, but the current expert reports do not sufficiently support this assertion. The proposed supplement is meant to cure this deficiency and show that Robinson's model, the JVM1860, and the JVM1861 and JVM3660 all: (a) have the same inadequate safety mechanisms; (b) rely on TCOs as the only safety mechanism to prevent a self-start fire; and (c) have identical TCO designs, in terms of their number, location, functionality, and temperature ratings.

However, Plaintiffs' description of what the supplement will prove only underscores the lack of detail in the expert reports as they exist today.

**c. It is too late in the Litigation to Reinvent the Case**

GE argues that Plaintiffs' proposed new class definitions are a "non-starter" and Plaintiffs should not be allowed to have another "bite at the apple." ECF No. 303 at 23481. In support, GE relies on *Chapman v. First Index, Inc*., 796 F.3d 783, 785 (7th Cir. 2015), where the Seventh Circuit held the district court did not abuse its discretion by declining to allow Plaintiffs to redefine the class by filing an amended complaint and a renewed motion for class certification. The district judge held the proposal came too late - plaintiff knew about the potential issue since the beginning of the case and made a strategic decision not to pursue it; changing the case five years into the litigation was impermissible. *Id*. The Seventh Circuit affirmed, saying it is within the discretion of a district judge to reject an attempt "to remake a suit more than four years after it began." *Id*.

Plaintiffs attempt to distinguish *Chapman*. They say the *Chapman* plaintiff proposed a different class based on a different theory of liability; here, Plaintiffs propose a certification of subclasses that is narrower than those held in abeyance. In the original motion for class certification the Court completed the required rigorous analysis to determine if the requirements of class certification are met. That scrutiny revealed Plaintiffs struggle to concisely define the proposed class. Plaintiffs have been allowed to provide a shifting characterization of the product defect as well as a series of concessions and modifications to the class definition. After that long process, and after the benefit of the Court's analysis, Plaintiffs try to address these shortcomings by providing a new class definition and filing supplemental expert reports.

The Court declines to allow Plaintiffs the opportunity for another round of class certification briefing when the underlying issues that precluded certification in the first

place have not been adequately addressed. Since the Court finds Plaintiffs do not meet their burden with respect to commonality and typicality, it is unnecessary to address the remainder of the requirements.

## IV. Conclusion

Plaintiffs' request to file a Renewed Motion for Class Certification is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 19, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 19, 2016.

s/Linda Vertriest
Deputy Clerk